IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| Ashton Hughes, <br> Joshua VanDusen, <br> Shannon Helmers, and <br> Charles Dodson, <br><br> Plaintiffs, <br> v. <br><br> Denise Jackson and, <br> RVshare, LLC, <br><br> Defendants. | Judge Curtis L. Collier <br> Magistrate Judge Susan K. Lee <br><br> Civil Action No. 4:19-cv-00028-CLC-SKL |

## DEFENDANT RVSHARE, LLC'S ANSWER

Defendant RVshare, LLC ("RVshare"), by and through counsel, submits its answer to Plaintiffs' Complaint, as follows:

1. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

2. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

3. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

4. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

5. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

6. RVshare admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

### JURISDICTION AND VENUE

1

7. In response to Paragraph 7 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-6 as if fully set forth herein.

8. Paragraph 8 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies that it owes damages exceeding $75,000. RVshare is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph.

9. RVshare denies that venue is proper in this judicial district, because Plaintiffs' claims against RVshare are subject to RVshare's Terms of Service, which require that all claims against RVshare be brought in Summit County, Ohio. RVshare states further that it is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph.

10. Paragraph 10 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, RVshare admits only that it maintains a website that facilitates the rentals of recreational vehicles throughout the United States, including in Tennessee, and that rental revenue was derived from renting Jackson's recreational vehicle. RVshare is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph, particularly those addressed to Defendant Jackson.

## GENERAL ALLEGATIONS

11. In response to Paragraph 11 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

12. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

13. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

14. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

15. RVshare denies the allegations contained in Paragraph 15 of the Complaint.

2

16. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

17. RVshare denies the allegations contained in Paragraph 17 of the Complaint.

18. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

19. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

20. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

21. RVshare denies the allegations contained in Paragraph 21 of the Complaint.

### PLAINTIFF ASHTON HUGHES SEARCHES FOR AN RV ON RVSHARE.COM

22. In response to Paragraph 22 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-21 as if fully set forth herein.

23. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

24. RVshare admits the allegations contained in Paragraph 24 of the Complaint.

25. RVshare admits the allegations contained in Paragraph 25 of the Complaint.

26. RVshare admits that RV owners who agree to RVshare's Terms of Service can list their RVs for rent on RVshare.com.

27. RVshare admits that RV renters who agree to RVshare's Terms of Service can search for and book RVs available for rent on RVshare.com.

28. RVshare admits the allegations contained in Paragraph 28 of the Complaint.

29. RVshare admits the allegations contained in Paragraph 29 of the Complaint.

30. RVshare admits the allegations contained in Paragraph 30 of the Complaint.

31. RVshare denies that the quoted language contained in Paragraph 31 of the Complaint appeared on RVshare's website at the time Plaintiffs rented their RV.

32. RVshare admits that RV owners who agree to RVshare's Terms of Service are invited to list their RVs on its website and to earn rental income.

33. RVshare admits that it lists RVs for rent in Tennessee and that it markets those RVs to Tennessee citizens. RVshare denies the remaining allegations in Paragraph 33 of the Complaint.

34. RVshare admits that it advertises RV rentals for events in Tennessee, including the Bonnaroo Music & Arts Festival. RVshare denies the remaining allegations in Paragraph 34 of the Complaint.

35. RVshare admits that it derives revenue from the rental of RVs to renters in Tennessee. RVshare is without sufficient knowledge and information to admit or deny the remaining allegations in this Paragraph, and therefore denies the allegations.

## PLAINTIFF ASHTON HUGHES RENTS AN RV ON RVSHARE.COM

36. In response to Paragraph 36 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-35 as if fully set forth herein.

37. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

38. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

39. RVshare denies the allegations in this Paragraph of the Complaint.

40. RVshare admits the allegations in Paragraph 40 of the Complaint.

41. RVshare admits the allegations in Paragraph 41 of the Complaint.

42. RVshare admits the allegations contained in Paragraph 42 of the Complaint.

43. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

44. In response to the allegations in Paragraph 44 of Plaintiffs' Complaint, RVshare states that under the Terms of Service that Plaintiffs and Jackson agreed to, it had no duty to inspect, confirm the safety of, or provide warning or instruction to Plaintiffs in the safe operation of the generator. RVshare is without sufficient information to admit or deny the remaining allegations contained in Paragraph 44.

4

45. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

## PLAINTIFFS INHALE CARBON MONOXIDE DUE TO RV DEFECTS

46. In response to Paragraph 46 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-45 as if fully set forth herein.

47. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

48. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

49. RVshare denies the allegations contained in Paragraph 49 of the Complaint.

50. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

51. RVshare denies the allegations contained in Paragraph 51 of the Complaint.

52. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

53. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

54. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

55. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

56. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

57. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

58. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

59. RVshare denies the allegations and inferences contained in Paragraph 59 of the Complaint.

60. RVshare denies the allegations contained in Paragraph 60 of the Complaint.

### NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND MISCONDUCT OF DEFENDANT DENISE JACKSON

61. In response to Paragraph 61 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-60 as if fully set forth herein.

62. Paragraph 62 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

63. Paragraph 63 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

64. Paragraph 64 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

65. Paragraph 65 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

66. Paragraph 66 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response.

To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

67. Paragraph 67 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

68. Paragraph 68 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND MISCONDUCT OF DEFENDANT RVSHARE, LLC

69. In response to Paragraph 69 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-68 as if fully set forth herein.

70. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

71. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies each of the allegations in this paragraph.

72. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

73. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

74. Paragraph 74 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

75. Paragraph 75 of the Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

76. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

## INJURIES AND DAMAGES OF PLAINTIFFS

77. In response to Paragraph 77 of Plaintiffs' Complaint, RVshare adopts and incorporates its to responses Paragraphs 1-76 as if fully set forth herein.

78. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

79. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

80. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

81. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

82. RVshare admits that Plaintiffs seek damages under Tennessee law in excess of $75,000. RVshare denies that it is liable for any damages, or that its conduct led to any of the damages alleged by Plaintiffs.

## DECLARATION OF UNCONSTITUTIONALITY

83. In response to Paragraph 83 of Plaintiffs' Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-82 as if fully set forth herein.

84. RVshare admits only that Plaintiffs seek the relief alleged in Paragraph 84 of the Complaint. RVshare denies that Plaintiffs are entitled to that relief.

85. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

86. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

87. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

88. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

89. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

90. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

91. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

92. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

93. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

94. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

95. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

96. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

97. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

98. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

99. Insofar as Plaintiffs' Complaint contains any factual allegations not specifically admitted or denied herein, those allegations are denied.

## AFFIRMATIVE DEFENSES

1. The claims in Plaintiffs' Complaint fail to state a claim upon which relief can be granted against RVshare.

2. This Court lacks jurisdiction in whole or in part over Plaintiffs' claims to the extent Plaintiffs lack standing to bring these claims against RVshare.

3. Plaintiffs' claims are barred by the Terms of Service that they agreed to upon using RVshare's website.

4. This Court is not the proper venue for this action pursuant to the forum selection clause agreed upon by the parties, as RVshare's Terms of Service require all claims against RVshare to be brought in Summit County, Ohio.

5. RVshare's Terms of Service provide that RVshare is not a party to the Rental Agreement between Plaintiffs and Jackson, and that "Owners and Renters are acting on their own behalf and at their own risk." Thus, RVshare is not liable for any claims arising out of the Rental Agreement between Plaintiffs and Jackson.

6. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, the Plaintiffs individually or collectively breached the Rental Agreement in that they misused and damaged the vehicle during the rental period.

7. RVshare's Terms of Service provide that RVs are "provided 'as is' without any condition or warranty whatsoever." Thus, RVshare is not liable for the claims alleged in Plaintiffs' Complaint.

8. RVshare's Terms of Service provide that RVshare "is not responsible for and disclaims any and all liability related to any and all listings and RVs. Accordingly, any bookings will be made at the renter's and owner's own risk." Thus, RVshare is not liable for the claims alleged in Plaintiffs' Complaint.

9. RVshare's Terms of Service provide that, "By using the Services, you agree that any legal remedy or liability that you seek to obtain for actions or omissions of other Parties or other third parties will be limited to a claim against the particular Party or other third parties who caused you harm, and you agree

not to impose liability on, or seek any legal remedy from [RVshare] with respect to such actions or omissions." Thus, RVshare is not liable for the claims alleged in Plaintiffs' Complaint.

10. RVshare's Terms of Service include a waiver of jury trial. Thus, Plaintiffs' jury demand is unenforceable against RVshare.

11. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted RVshare's ability to defend this lawsuit and impeded RVshare's access to witnesses and physical evidence.

12. RVshare owed no legal duties to Plaintiffs.

13. To the extent any duty was owed by RVshare to Plaintiffs, RVshare performed all duties owed under the Terms of Service governing Plaintiffs' use of RVshare's website.

14. Plaintiffs failed to mitigate their damages.

15. Any damages suffered by Plaintiffs were caused entirely by Plaintiffs or by persons or entities other than RVshare. RVshare asserts the doctrine of comparative fault pursuant to decisional law of the State of Tennessee and the provisions of Tenn. Code Ann. § 29-39-101, et seq. in every aspect of this litigation. It is affirmatively asserted that the actions, inaction, omissions and negligence, as the proof may show, of Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that RVshare is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in the Complaint.

16. Any damages suffered by Plaintiffs are limited by the Terms of Service that they agreed to upon using RVshare's website.

17. Plaintiffs agreed to waive RVshare's liability by agreeing to the Terms of Service.

18. Plaintiffs have failed to name indispensable parties.

19. Plaintiffs' claims are barred because they caused damage or misused the recreational vehicle and mechanical parts therein.

20. Plaintiffs assumed the risk of renting the vehicle after agreeing to the Terms of Service.

21. RVshare reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party complaints as new information becomes available to RVshare during discovery.

WHEREFORE, RVshare respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, and award RVshare any other and further relief that it may be entitled to, including attorneys' fees and costs.

Respectfully submitted,

LUTHER-ANDERSON, PLLP

By:   /s/ Gerald M. Siciliano
      GERARD M. SICILIANO, BPR # 9647
      TESS HEISSERER, BPR #37345
      *Attorneys for Defendants*
      100 W. MLK Blvd Suite 700
      Chattanooga, TN 37401-0151
      (423) 756-5034

## CERTIFICATE OF SERVICE

This is to certify the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

This 3rd day of July, 2019.

LUTHER-ANDERSON, PLLP

By:   /s/ Gerald M. Siciliano
      GERARD M. SICILIANO