IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | |
|---|---|
| Ashton Hughes,<br>Joshua VanDusen,<br>Shannon Helmers, and<br>Charles Dodson,<br><br>    Plaintiffs,<br>v.<br><br>Denise Jackson and,<br>RVShare, LLC.,<br><br>    Defendants. | Civil Action No. 4:19-cv-00028-CLC-SKL<br><br>JURY DEMANDED |

## DEFENDANT DENISE JACKSON'S ANSWER AND COUNTERCLAIM

**COMES NOW** the Defendant, Denise Jackson ("Jackson"), by and through counsel, and submits her answer to Plaintiffs' Complaint filed against her and submits Counterclaim as follows:

1. Jackson admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Jackson can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and therefore denies.

3. Jackson can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore denies.

4. Jackson can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and therefore denies.

5. Jackson admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint

6. Jackson admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. In response to Paragraph 7 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-6 as if fully set forth herein.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. Insofar as Paragraph 9, Jackson is without the requisite knowledge to admit or deny where the events and injuries occurred and therefore denies those allegations. Jackson also submits that the

1

contractual agreement between her and Plaintiffs contains a valid forum selection clause selecting the State of Georgia and therefore deny that venue is proper.

10. Paragraph 10 of the Complaint contains legal conclusions that do not require a response. Jackson admits the factual allegations directed to her.

11. In response to Paragraph 11 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-10 as if fully set forth herein.

12. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the allegations.

13. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the allegations.

14. Jackson admits the allegations contained in Paragraph 14 of the Complaint.

15. Jackson denies the allegations contained in Paragraph 15 of the Complaint.

16. Jackson denies the allegations contained in Paragraph 16 of the Complaint.

17. Jackson denies the allegations contained in Paragraph 17 of the Complaint.

18. Jackson can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies.

19. Jackson can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore denies.

20. Jackson can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint, and therefore denies.

21. Jackson denies the allegations contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-21 as if fully set forth herein.

23. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the allegations.

24. Jackson admits the allegations contained in Paragraph 24 of the Complaint.

25. Jackson admits the allegations contained in Paragraph 25 of the Complaint.

26. Jackson admits the allegations contained in Paragraph 26 of the Complaint.

27. Jackson admits the allegations contained in Paragraph 27 of the Complaint.

28. Jackson admits the allegations contained in Paragraph 28 of the Complaint.

29. Jackson admits the general allegations contained in Paragraph 29 of the Complaint.

30. Jackson admits the allegations contained in Paragraph 30 of the Complaint.

31. As stated, Jackson denies the allegations contained in Paragraph 31 of the Complaint.

32. Jackson admits the allegations contained in Paragraph 32 of the Complaint.

33. As stated, Jackson can neither admit nor deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the allegations.

34. As stated, Jackson can neither admit nor deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the allegations.

35. As stated, Jackson can neither admit nor deny the allegations contained in Paragraph 35 of the Complaint and therefore denies the allegations.

36. In response to Paragraph 36 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-35 as if fully set forth herein.

37. Jackson admits the allegations contained in Paragraph 37 of the Complaint.

38. Jackson admits the allegations contained in Paragraph 38 of the Complaint.

39. As stated, Jackson denies the allegations contained in Paragraph 39 of the Complaint.

40. Jackson admits the general allegations contained in Paragraph 40 of the Complaint.

41. As stated, Jackson admits the allegations contained in Paragraph 41 of the Complaint.

42. Jackson admits the allegations contained in Paragraph 42 of the Complaint.

43. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore deny the allegations.

44. Jackson denies the allegations contained in Paragraph 44 of the Complaint.

45. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies the allegations.

46. In response to Paragraph 46 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-45 as if fully set forth herein.

47. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint.

48. Jackson denies the allegations contained in Paragraph 48 of the Complaint.

49. Jackson denies the allegations contained in Paragraph 49 of the Complaint.

50. Jackson denies the allegations contained in Paragraph 50 of the Complaint.

51. Jackson denies the allegations contained in Paragraph 51 of the Complaint.

52. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies the allegations.

53. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies the allegations.

54. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies the allegations.

55. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies the allegations.

56. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies the allegations.

57. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies the allegations.

58. As stated, Jackson denies the allegations contained in Paragraph 58 of the Complaint.

59. Jackson denies the allegations and inferences contained in Paragraph 59 of the Complaint.

60. Jackson denies the allegations contained in Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-60 as if fully set forth herein.

62. Paragraph 62 of the Complaint contains legal conclusions that do not require a response; otherwise Jackson admits the general allegations.

63. Jackson denies the allegations contained in Paragraph 63 of the Complaint.

64. Jackson denies the allegations contained in Paragraph 64 of the Complaint and strict proof thereof is required.

65. Jackson denies the allegations contained in Paragraph 65 of the Complaint and strict proof thereof is required.

66. Jackson denies the allegations contained in Paragraph 66 of the Complaint and strict proof thereof is required.

67. Jackson denies the allegations contained in Paragraph 67 of the Complaint and strict proof thereof is required.

68. Jackson denies the allegations contained in Paragraph 68 of the Complaint and strict proof thereof is required.

69. In response to Paragraph 69 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-68 as if fully set forth herein.

70. Allegations in Paragraph 70 of the Complaint are directed to another Defendant but upon information and belief Jackson denies.

71. Allegations in Paragraph 71 of the Complaint are directed to another Defendant but upon information and belief Jackson denies.

72. Allegations in Paragraph 72 of the Complaint are directed to another Defendant but upon information and belief Jackson denies.

73. Allegations in Paragraph 73 of the Complaint are directed to another Defendant but upon information and belief Jackson denies.

74. Jackson denies the allegations in Paragraph 74 of the Complaint.

75. Jackson denies the allegations in Paragraph 75 of the Complaint.

76. Jackson denies the allegations in Paragraph 76 of the Complaint.

77. In response to Paragraph 77 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-76 as if fully set forth herein.

78. Jackson denies the allegations in Paragraph 78 of the Complaint as directed against her.

79. Jackson denies the allegations in Paragraph 79 of the Complaint as directed against her.

80. Jackson denies the allegations in Paragraph 80 of the Complaint as directed against her.

81. Jackson denies the allegations in Paragraph 81 of the Complaint as directed against her.

82. Jackson admits that Plaintiffs seek damages under Tennessee law in excess of $75,000. Jackson denies that she is liable for any damages, or that her conduct led to any of the damages alleged by Plaintiffs.

83. In response to Paragraph 83 of Plaintiffs' Complaint, Jackson adopts and incorporates her responses Paragraphs 1-82 as if fully set forth herein.

84. Jackson admits Plaintiffs made the allegations in Paragraph 84 of the Complaint, but deny they are entitled to such.

85. Jackson denies the allegations in Paragraph 85 of the Complaint.

86. Jackson denies the allegations in Paragraph 86 of the Complaint.

87. Jackson denies the allegations in Paragraph 87 of the Complaint.

88. Jackson denies the allegations in Paragraph 88 of the Complaint.

89. Jackson denies the allegations in Paragraph 89 of the Complaint.

90. Jackson denies the allegations in Paragraph 90 of the Complaint.

91. Jackson denies the allegations in Paragraph 91 of the Complaint.

92. Jackson denies the allegations in Paragraph 92 of the Complaint.

93. Jackson denies the allegations in Paragraph 93 of the Complaint.

94. Jackson denies the allegations in Paragraph 94 of the Complaint.

95. Jackson denies the allegations in Paragraph 95 of the Complaint.

96. Jackson admits the allegations in Paragraph 96 of the Complaint.

97. Jackson relies upon the constitutionality and legality of the statutes referenced in Paragraph 97 of the Plaintiffs' Complaint, and expects the Tennessee attorney to successfully defend.

98. Jackson denies the allegations in Paragraph 98 of the Plaintiffs' Complaint

99. Insofar as the Complaint contains any factual allegations not specifically admitted or denied herein, those allegations are denied by Jackson.

## AFFIRMATIVE DEFENSES

100. This Court lacks jurisdiction in whole or in part over Plaintiffs' claims to the extent Plaintiffs lack standing to bring these claims against Jackson.

101. This Court is not the proper venue for this action against Jackson pursuant to the forum selection clause agreed upon by and between Jackson and Ashton Hughes. The rental commenced in Jackson's state of residence – Georgia. (Exhibit A, ¶ 13)

102. The claims in Plaintiffs' Complaint fail to state a claim upon which relief can be granted against Jackson.

103. The Plaintiffs individually or collectively breached the agreement that covers the rental transaction between the parties in that they misused and damaged the vehicle during the rental period.

104. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted Jackson's ability to defend this lawsuit and impeded her access to witnesses and physical evidence.

105. Jackson asserts she performed all duties owed under the agreement between the parties covering the rental of the recreational vehicle and only the Plaintiffs are in breach of the agreement.

106. Plaintiffs failed to mitigate their damages upon usage of the RV and generator after they knew or should have known of a defect.

107. Per contract Ashton Hughes negotiated upon rental of Jackson's RV, unless prohibited by law, she agreed to release Jackson and RVShare from any liability for consequential, special or punitive damages in connection with the rental of the vehicle (Attached Exhibit A).

7

108. Despite making allegations of faulty equipment, Plaintiffs have failed to name indispensable parties who designed, manufactured, distributed or sold the recreational vehicle who may have caused or contributed to Plaintiffs' damages.

109. Plaintiffs acted with unclean hands in that they caused damage or misused the recreational vehicle and mechanical parts therein during their usage and possession.

110. Plaintiffs assumed various risks of renting and using the vehicle by the terms of the agreement between the parties.

111. The injuries and damages that Plaintiffs allege were caused by either Plaintiffs or other parties outside the control of Jackson. Jackson asserts the doctrine of comparative fault in every aspect of this litigation. It is affirmatively asserted that the actions, inaction, omissions and negligence, as the proof may show, of Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that Jackson is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in the Complaint.

112. Jackson is unaware of defects in the design or manufacture of the Forester RV or generator system, but if so, and in the alternative allege that Plaintiffs have failed to name the manufacturer or dealer of the vehicle, Forest River, Inc., or the generator, Cummings, Inc., despite asserting claims of potential design or manufacturing defects, and if there were such defects then these entities may have comparative fault for causing Plaintiffs' various injuries and damages.

113. Further, Plaintiffs have failed to name the promoters and organizers of the 2018 Bonaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe, and it so may have comparative fault.

## COUNTERCLAIM

**COMES NOW**, Defendant Denise Jackson ("Jackson"), by and through counsel, assuming the role of Counterclaim Plaintiff against Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson, asserts as follows:

1. On or about April 24, 2018, Counterclaim Defendant Ashton Hughes ("Hughes") executed an agreement with Jackson for the rental of Jackson's recreational vehicle ("Vehicle" or "RV"). A true and correct copy of pertinent parts of the agreement is attached hereto as Exhibit A and all aspects and provisions are incorporated as if fully stated herein. ("Agreement").

2. On or about June 6, 2018, Hughes retrieved the Vehicle from Jackson in the state of Georgia.

3. Thereafter, upon information and belief, Hughes drove the Vehicle to Bonnaroo Music Festival in Manchester, Tennessee.

4. Upon information and belief, the vehicle was damaged during Hughes' possession and rental of the RV in the following:

   a. The exhaust pipe was damaged during the course of the rental period and caused carbon monoxide to enter the cabin of the vehicle and severely injure several occupants located within the vehicle; and

   b. The carbon monoxide detector was tampered with during the course of the rental period which may have prevented proper warning to occupants of the vehicle, causing severe injuries to several occupants within the vehicle.

5. Upon information and belief, the occupants within the vehicle who sustained damages were Joshua VanDusen, Shannon Helmers, and Charles Dodson based on the allegations in the Plaintiffs' Complaint. Hughes was also allegedly injured due to the foregoing damage to the RV.

6. Under the terms of the Agreement, Hughes maintained all responsibility "for all damage or loss or theft of the Vehicle, including damage caused by weather, acts of God or terrain conditions." Exhibit A p. 3 ¶ 4.

7. Hughes agreed to return the Vehicle in the same condition that she received it, except for ordinary wear, (Exhibit A p. 3 ¶ 3) and that she was responsible for "all physical damage to the Vehicle measured as . . . the reasonable estimated retail value or actual cost of repair; towing, storage, and impound charges and other reasonable incidental and consequential damages; ...including attorneys' fees, collection fees, and costs whether or not litigation is commenced." Exhibit A p. 3 ¶ 4.

8. Hughes further agreed to indemnify, defend and hold harmless Jackson and RVShare from "all claims, liability, costs and attorneys' fees we incur resulting from, or arising out of: this rental, your use of the Vehicle." Exhibit A p. 3 ¶ 2.

9. Jackson incorporates and relies upon all other terms and conditions, exclusions and waivers in the rental agreement and contract for the lease of the RV.

## Count I – Breach of Contract

10. Jackson hereby incorporate Paragraphs 1-9 of this Counterclaim as if fully set forth herein.

11. Hughes' negligent driving, negligent entrustment and/or misuse of the RV and/or the generator resulting in physical damage to the exhaust pipe and the carbon monoxide detector constitute a material breach of contract.

12. Jackson has sustained damages and continues to sustain damages not yet fully determined as a result of Hughes' breach of contract.

13. Jackson's damages include the cost of inspection, repairs, and storage of the RV as well as the extended loss of rental value of the RV.

14. Jackson is entitled to damages arising out of Hughes' breach of contract in an amount to be proven at trial, including, without limitation, attorneys' fees and expenses.

## Count II – Breach of Express Indemnification

15. Jackson hereby incorporate Paragraphs 1-14 of this Counterclaim as if fully set forth herein.

16. Hughes' failure to indemnify Jackson for the lawsuit filed against them arising out of her use, misuse and/or rental of the RV and/or the generator constitutes a material breach of the Agreement.

17. Jackson has sustained and continues to sustain damages as a result of Hughes' breach of the express indemnification clause in the Agreement.

18. Hughes agreed to indemnify, defend and hold harmless Jackson from "all claims, liability, costs and attorneys' fees incurred resulting from, or arising out of: this rental, your use of the Vehicle." Exhibit A p. 3 ¶ 2.

19. Jackson's damages resulting from Hughes' breach include attorneys' fees and expenses defending the action brought against her for personal injuries arising out of Hughes' rental and possession of the RV.

20. To the extent Jackson is held liable for any injuries of Hughes, Joshua VanDusen, Shannon Helmers, or Charles Dodson arising out of Hughes' use, misuse and/or rental of the RV, Hughes will be liable for any amounts owed to claimants as well as RVShare and Jackson's attorneys' fees and expenses.

## Count III - Negligence

21. Jackson hereby incorporate Paragraphs 1-14 of this Counterclaim as if fully set forth herein.

22. Hughes' negligent driving, negligent entrustment and/or misuse of the RV and/or the generator during her rental and possession of the RV, resulting in physical damage to the exhaust pipe, the carbon monoxide detector and upon information and belief, asserted personal injuries to Hughes, Joshua VanDusen, Shannon Helmers, and/or Charles Dodson constitutes a breach of her duty of due care.

23. To the extent that any of the claims or damages asserted against Jackson arise or result from the negligence, negligent entrustment and/or misuse of the RV and/or the generator by Hughes, Hughes is liable to Jackson for damages in an amount to be proved at trial.

WHEREFORE, Denise Jackson respectfully requests that this Court:

a) Enter judgment against Ashton Hughes for all damages permitted by the Agreement arising out of Hughes' breach of contract resulting in damage to the RV, in an amount to be proven at trial;

b) Enter judgment against Ashton Hughes for all damages agreed to under the Agreement arising out of Hughes' failure to defend, indemnify and hold harmless Denise Jackson, in breach of the Agreement between the parties, in an amount to be proven at trial;

c) Enter judgment against Ashton Hughes for all damages arising out of her negligence or negligent entrustment, in an amount to be proven at trial;

d) Enter judgment against Ashton Hughes for all attorneys' fees and costs of bringing this action; and

e) For such other and further relief as is just and proper under the law.

Respectfully submitted,

11

LUTHER-ANDERSON, PLLP

By: /s/ Gerard M. Siciliano
**GERARD M. SICILIANO, BPR # 9647**
**TESS HEISSERER, BPR #37345**
*Attorneys for Jackson*
100 W. MLK Blvd Suite 700
Chattanooga, TN 37401-0151
(423) 756-5034

## CERTIFICATE OF SERVICE

This is to certify the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

This 12 day of July, 2019.

LUTHER-ANDERSON, PLLP

By: /s/ Gerard M. Siciliano
**GERARD M. SICILIANO**