| | | |
|---|---|---|
| ASHTON HUGHES, | ) | |
| JOSHUA VANDUSEN, | ) | |
| SHANNON HELMERS, and | ) | |
| CHARLES DODSON, | ) | Case No. 4:19-cv-00028-CLC-SKL |
| | ) | |
| Plaintiffs, | ) | Judge Curtis L. Collier |
| | ) | Magistrate Judge Susan K. Lee |
| v. | ) | |
| | ) | JURY DEMAND |
| DENISE JACKSON and | ) | |
| RVSHARE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiffs Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson file this Amended Complaint to recover just compensation and punitive damages for carbon monoxide poisoning sustained due to poor maintenance, dangerous modification, and the unsafe condition of an RV rented by and through the Defendants, and for cause of action state as follows:

## I.
## PARTIES

1.      Plaintiff Ashton Hughes is a citizen and resident of Bradley County, Tennessee.

2.      Plaintiff Joshua VanDusen is a citizen and resident of Bradley County, Tennessee.

3.      Plaintiff Shannon Helmers is a citizen and resident of Maury County, Tennessee.

4.      Plaintiff Charles Dodson is a citizen and resident of Roane County, Tennessee.

5.      Defendant Denise Jackson is a citizen and resident of Georgia and may be served at 1455 Satellite Blvd #2106, Suwanee, Georgia 30024.

6.      Defendant RVshare, LLC is a Delaware limited liability company with a principal place of business in Akron, Ohio, and its registered agent for service of process is Harvard Business

Services, Inc., 16192 Coastal Hwy, Lewes, Delaware 19958. None of the members of Defendant RVshare, LLC is a citizen of Tennessee.

## II.
## JURISDICTION AND VENUE

7.     Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

8.     This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and the injuries giving rise to Plaintiffs' claims occurred in this judicial district.

10.     This Court may exercise personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1) and Tenn. Code Ann. §§ 20-2-214(a)(1)-(2), 20-2-223(a)(1)-(4), and 20-2-225 (providing that a court may exercise jurisdiction "[o]n any basis not inconsistent with the constitution of this state or of the United States"). Defendant RVshare, LLC solicits and transacts business in Tennessee. It advertises and facilitates the rental of recreational vehicles (RVs) to Tennessee residents and to persons traveling to Tennessee. It promotes locations and events in Tennessee, including the Bonnaroo Music & Arts Festival, as RV travel destinations. It has listed hundreds of RVs for rent in Tennessee. It derives substantial revenue from transacting business in Tennessee. Defendant Denise Jackson listed her RV for rent on RVshare, LLC's website. She rented the RV to Plaintiff Ashton Hughes with knowledge that Plaintiff Ashton Hughes, a Tennessee resident, intended set up the RV at the Bonnaroo Arts & Music Festival in Tennessee,

2

and she consented to Plaintiff Ashton Hughes's rental of the RV for that purpose. Both Defendants derived revenue from Plaintiff Ashton Hughes's rental of the RV.

## III.
## GENERAL ALLEGATIONS

11.    Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

12.    Plaintiffs are emergency medical personnel who were hired to work at the Bonnaroo Music & Arts Festival, which took place in Coffee County, Tennessee, from June 7-10, 2018.

13.    Between shifts, Plaintiffs were housed in an RV owned and maintained by Defendant Denise Jackson and rented to Plaintiff Ashton Hughes through Defendant RVshare, LLC.

14.    The RV was equipped with an electrical generator that powered the RV's air conditioning unit and other accessory functions.

15.    Plaintiffs reasonably and in good faith relied upon Defendants to assure the safety of the RV and to provide a back-up warning system that would alert occupants of the RV in the event of carbon monoxide contamination.

16.    But the RV and its generator system were not safe. Deadly contamination from carbon monoxide leaked into the interior living space of the RV. And the carbon monoxide detector designed to give warning in the event of such contamination was useless. Unbeknownst to Plaintiffs, it had been damaged, disabled, and disconnected from its power source.

17.    Plaintiffs, as a result of Defendants' negligence and misconduct, were exposed to toxic and potentially deadly levels of carbon monoxide gas.

18. Plaintiffs would likely all be dead but for the intervention of Plaintiff Charles Dodson, who managed to exit the RV despite disorientation due to inhalation of carbon monoxide.

19. Plaintiff Charles Dodson was able to rouse Plaintiff Joshua VanDusen. Plaintiffs Ashton Hughes and Shannon Helmers could not be woken. Only prompt intervention by Plaintiffs Charles Dodson and Joshua VanDusen saved them from death at the scene.

20. All four Plaintiffs were required to be air evacuated for emergency medical treatments—three to Erlanger Hospital in Chattanooga, Tennessee, and one to Vanderbilt University Medical Center in Nashville, Tennessee. All four suffered serious and in certain aspects permanent injury due to inhalation of carbon monoxide.

21. As detailed hereinbelow, Plaintiffs injuries complained of were and are a direct and proximate result of the negligence, recklessness, and/or willful or wanton conduct of Defendants.

## IV.
## PLAINTIFF ASHTON HUGHES SEARCHES FOR AN RV ON RVSHARE.COM

22. Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

23. Plaintiffs needed on-site housing as a base of operations while working at the Bonnaroo Music & Arts Festival. Plaintiff Ashton Hughes searched for an RV to rent on the website RVshare.com.

24. Defendant RVshare, LLC owns, operates, controls, or manages RVshare.com.

25. Defendant RVshare, LLC derives revenue from the rental of RVs on RVshare.com.

26. RV owners who want to rent their RVs can list their RVs for rent on RVshare.com.

27. Prospective RV renters can search for and book RVs available for rent on RVshare.com.

28. RVshare.com promotes its "[n]ationwide reach" and advertises that RVs are available for rent through RVshare.com in every state, including Tennessee.

29. RVshare.com advertises RV rentals in all 50 states plus the District of Columbia.

30. RVshare.com "offer[s] the largest selection of trusted RV rentals in the country."

31. RVshare.com invites prospective RV renters to "[b]ook your RV rental online with confidence through the secure RVshare payment system. With owner and renter verification, we ensure that your rental experience is as safe as possible."

32. RVshare.com invites RV owners to list their RV on the website and earn up to $40,000 per year renting their RV.

33. RVshare.com has listed hundreds of RVs for rent in Tennessee and actively targeted and pursued Tennessee citizens like Plaintiff Ashton Hughes as customers.

34. RVshare.com promotes locations and events in Tennessee, including the Bonnaroo Music & Arts Festival, as destinations for prospective RV renters.

35. Defendant RVshare, LLC derives revenue from the rental of RVs on RVshare.com to RV renters in Tennessee and to RV renters who travel to Tennessee and the Bonnaroo Music & Arts Festival.

## V.
## PLAINTIFF ASHTON HUGHES RENTS AN RV ON RVSHARE.COM

36. Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

37. On RVshare.com, Plaintiff Ashton Hughes was presented with an RV (a 2018 Forester 3011 DS) available for rent.

38. Defendant Denise Jackson owned the 2018 Forester 3011 DS (hereinafter "the RV") that was presented to Plaintiff Ashton Hughes on RVshare.com.

5

39. Defendant RVshare, LLC expressly and implicitly endorsed and represented Defendant Denise Jackson as a trusted and reliable owner and the RV as being properly inspected, maintained, and reasonably safe and suitable for use as a mobile home.

40. Through RVshare.com, Plaintiff Ashton Hughes told Defendant Denise Jackson that she intended to rent the RV for the Bonnaroo Music & Arts Festival in Tennessee.

41. Through RVshare.com, Defendant Denise Jackson consented to Plaintiff Ashton Hughes renting the RV for the Bonnaroo Music & Arts Festival in Tennessee.

42. Through RVshare.com, Plaintiff Ashton Hughes rented the RV from June 6-11, 2018.

43. Plaintiff Ashton Hughes traveled from Tennessee to Georgia to pick up the RV.

44. Neither Defendant Denise Jackson nor RVshare, LLC inspected, confirmed the safety of, or provided warning or instruction to Plaintiff Ashton Hughes in the safe operation of the generator.

45. Plaintiff Ashton Hughes drove the RV from Georgia to Coffee County, Tennessee, and set it up at the Bonnaroo Music & Arts Festival.

**VI.**
**PLAINTIFFS INHALE CARBON MONOXIDE DUE TO RV DEFECTS**

46. Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

47. On or about June 10 and 11, 2018, following their shift at the Bonnaroo Music & Arts Festival, Plaintiffs were inside the RV while the RV's onboard generator was running.

48. The generator's exhaust pipe had been altered or damaged, did not extend out from the RV, and was otherwise in an unreasonably dangerous condition, so that it did not direct the

6

generator's exhaust fumes away from the RV. Instead, it directed the exhaust fumes towards the living quarters where Plaintiffs were.

49.     Defendants knew, or should have known, that the generator's exhaust system was not in safe condition, did not extend out from the RV, and did not direct the generator's exhaust fumes away from the RV.

50.     The RV was equipped with a carbon monoxide detector, but it was not working, was not connected, was missing a necessary fuse, and was otherwise in an unreasonably dangerous condition, so that it could not alert Plaintiffs to the presence of carbon monoxide in the RV.

51.     Defendants knew, or should have known, that the carbon monoxide detector was not working, was not connected, was missing a necessary fuse, and was otherwise in an unreasonably dangerous condition, so that it could not alert Plaintiffs of carbon monoxide in the RV.

52.     The generator's exhaust fumes leaked into the living quarters where Plaintiffs were, causing Plaintiffs to inhale dangerous carbon monoxide, and Plaintiffs fell asleep inside the RV.

53.     Plaintiff Charles Dodson woke up feeling stuporous and like he had been drugged. He made it outside the RV and tried to wake up the others.

54.     Plaintiff Joshua VanDusen was able to be woken up and made it outside the RV. He sought help from medical personnel.

55.     Plaintiffs Ashton Hughes and Shannon Helmers remained unarousable. Medical personnel arrived and pulled them out of the RV.

56.     Plaintiffs Ashton Hughes, Joshua VanDusen, and Charles Dodson were transported to Erlanger Hospital for treatment.

57.     Plaintiff Shannon Helmers was transported to Vanderbilt University Medical Center for treatment.

58.     Plaintiffs acted at all times reasonably and in good faith. They were not aware that the exhaust pipe or the carbon monoxide detector was in an unreasonably dangerous or defective condition.

59.     Defendants failed to warn or notify Plaintiffs that the that the exhaust pipe and the carbon monoxide detector were in an unreasonably dangerous or defective condition.

60.     As a direct and proximate result of Defendants' acts and omissions detailed herein, Plaintiffs suffered (and continue to suffer) injuries and damages, including, but not limited to, physical injuries related to their inhalation of carbon monoxide and pain and suffering.

**VII.**
**NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS,**
**AND MISCONDUCT OF DEFENDANT DENISE JACKSON**

61.     Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

62.     Defendant Denise Jackson owed a duty to those renting or using the RV, including Plaintiffs, to exercise reasonable care in maintaining, inspecting, and renting the RV and to otherwise exercise reasonable care in preventing or avoiding risk of harm to them.

63.     Defendant Denise Jackson breached her duty to Plaintiffs and was negligent and reckless in, among other things:

    a.    Failing to maintain the RV in a reasonably safe condition;

    b.    Failing to inspect the RV to ensure that it was in a reasonably safe condition;

    c.    Failing to exercise reasonable care to instruct Plaintiff Ashton Hughes in the safe operation of the RV and the generator;

8

d.     Failing to warn or notify Plaintiffs of the unreasonably dangerous condition of the generator's exhaust pipe;

e.     Failing to warn or notify Plaintiffs of the unreasonably dangerous condition of the carbon monoxide detector; and

f.     Otherwise failing in all of her acts and omissions to exercise reasonable care to avoid injury and harm to Plaintiffs.

64.     Defendant Denise Jackson's acts and omissions detailed herein were grossly negligent in that they were done with an utter unconcern for the safety of others, a conscious neglect of duty, or a callous or conscious indifference to consequences.

65.     Defendant Denise Jackson's acts and omissions detailed herein were reckless in that she was aware of, but consciously disregarded, a substantial and unjustified risk that persons renting and using the RV, including Plaintiffs, would suffer severe harm or death from carbon monoxide as a result of the dangerous and defective exhaust pipe and carbon monoxide detector, which constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

66.     Defendant Denise Jackson also violated the Tennessee Consumer Protection Act by, among other things:

a.     Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another, in violation of Tenn. Code Ann. § 47-18-104(b)(7); and

b.     Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise

misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services, in violation of Tenn. Code Ann. § 47-18-104(b)(21).

67.     Defendant Denise Jackson's violations of the Tennessee Consumer Protection were willful and knowing.

68.     As a direct and proximate result of Defendant Denise Jackson's recklessness, gross negligence, negligence, and misconduct, Plaintiffs suffered injuries and damages as detailed herein.

## VIII.
## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND MISCONDUCT OF DEFENDANT RVSHARE, LLC

69.     Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

70.     Defendant RVshare, LLC owed a duty to those renting or using the RV advertised on its website, including Plaintiffs, to exercise reasonable care in maintaining, inspecting, and renting the RV and to otherwise exercise reasonable care in preventing or avoiding risk of harm to them.

71.     Defendant RVshare, LLC breached its duty to Plaintiffs and was negligent and reckless in, among other things:

    a.      Failing to maintain the RV in a reasonably safe condition;

    b.      Failing to inspect the RV to ensure that it was in a reasonably safe condition;

    c.      Failing to exercise reasonable care to instruct Plaintiff Ashton Hughes in the safe operation of the RV and the generator;

10

d.   Failing to warn or notify Plaintiffs of the unreasonably dangerous condition of the generator's exhaust pipe;

e.   Failing to warn or notify Plaintiffs of the unreasonably dangerous condition of the carbon monoxide detector;

f.   Failing to ensure that persons listing RVs for rent on its website have maintained their RVs in a reasonably safe condition, inspected their RVs to ensure that they are in a reasonably safe condition, exercised reasonable care to instruct renters in the safe operation of their RVs and generators, and warned or notified renters of unreasonably dangerous conditions;

g.   Failing to implement appropriate policies, procedures, safeguards, and supervision to ensure that those renting RVs off its website are not exposed to unreasonable risk of harm; and

h.   Otherwise failing in all of its acts and omissions to exercise reasonable care to avoid injury and harm to Plaintiffs.

72.   Defendant RVshare, LLC's acts and omissions detailed herein were grossly negligent in that they were done with an utter unconcern for the safety of others, a conscious neglect of duty, or a callous or conscious indifference to consequences.

73.   Defendant RVshare, LLC's acts and omissions detailed herein were reckless in that it was aware of, but consciously disregarded, a substantial and unjustified risk that persons renting and using the RV, including Plaintiffs, would suffer severe harm or death from carbon monoxide as a result of the dangerous and defective exhaust pipe and carbon monoxide detector, which constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

11

74.     Defendant RVshare, LLC also violated the Tennessee Consumer Protection Act by, among other things:

    a.      Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another, in violation of Tenn. Code Ann. § 47-18-104(b)(7); and

    b.      Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services, in violation of Tenn. Code Ann. § 47-18-104(b)(21).

75.     Defendant RVshare, LLC's violations of the Tennessee Consumer Protection were willful and knowing.

76.     As a direct and proximate result of Defendant RVshare, LLC's negligence, gross negligence, recklessness, and misconduct, Plaintiffs suffered injuries and damages as detailed herein.

## IX.
## INJURIES AND DAMAGES OF PLAINTIFFS

77.     Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

78.     As a direct and proximate result of the Defendants' acts and omissions described herein, Plaintiff Ashton Hughes suffered injuries and damages, including, but not limited to, acute carbon monoxide poisoning, headache, nausea, vomiting, chest tightness, lethargy, weakness, and

12

pain and suffering; costs of care related to her medical treatment, including a helicopter flight to Erlanger Hospital and treatment there; and lost wages; and continues to suffer from, without limitation, headaches, post-traumatic stress disorder, anxiety, panic attacks, and short-term memory loss.

79.     As a direct and proximate result of the Defendants' acts and omissions described herein, Plaintiff Joshua VanDusen suffered injuries and damages, including, but not limited to, carbon monoxide poisoning, dizziness, lethargy, weakness, seizure while in a hyperbaric chamber, an anoxic brain injury, and pain and suffering; costs of care related to his medical treatment, including a helicopter flight to Erlanger Hospital and treatment there; and lost wages; and continues to suffer from, without limitation, headaches and myoclonic jerks.

80.     As a direct and proximate result of the Defendants' acts and omissions described herein, Plaintiff Shannon Helmers suffered injuries and damages, including, but not limited to, carbon monoxide poisoning, seizures, lethargy, headache, and pain and suffering; costs of care related to her medical treatment, including a helicopter flight to Vanderbilt University Medical Center and treatment there; and lost wages; and continues to suffer from, without limitation, anxiety.

81.     As a direct and proximate result of the Defendants' acts and omissions described herein, Plaintiff Charles Dodson suffered injuries and damages, including, but not limited to, carbon monoxide poisoning, headache, blurred vision, nausea, dizziness, lethargy, numbness, weakness, and pain and suffering; costs of care related to his medical treatment, including a helicopter flight to Erlanger Hospital and treatment there; and lost wages; and continues to suffer from, without limitation, headaches and problems with his vision.

13

82. Plaintiffs seek all damages available to them under Tennessee law. Each Plaintiff seeks damages in excess of $75,000.

## X.
## DECLARATION OF UNCONSTITUTIONALITY

83. Plaintiffs incorporate by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

84. Plaintiffs seek, pursuant to 28 U.S.C. § 2201, a judicial determination of their legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the Tennessee Constitution and the United States Constitution.

85. Plaintiffs have alleged certain injuries that are compensable only through non-economic damages.

86. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates Plaintiffs' fundamental and "inviolate" right to trial by jury, guaranteed in Article I, § 6, of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial—namely, appropriate compensation—and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

87. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2, of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

14

88. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates Plaintiffs' fundamental right to a full remedy, guaranteed in Article I, §§ 8 and 17, of the Tennessee Constitution.

89. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Seventh Amendment to the United States Constitution.

90. A judicial determination of Plaintiffs' rights is necessary and appropriate at this time because the uncertainty as to whether Tenn. Code Ann. § 29-39-102 can be applied constitutionally has a direct and immediate impact on how Plaintiffs prepares for trial, and the future course of this litigation will be controlled by resolution of these constitutional challenges. In addition, whether the damages cap will apply to a jury trial award affects the overall value of the case should there be any discussion of settlement, the types of experts Plaintiffs will choose to hire to prepare for trial, and the trial strategies and court costs at any future trial of this matter. A declaratory judgment is necessary to relieve Plaintiffs of the uncertainty and insecurity with respect to their rights under the Tennessee Constitution in light of Tenn. Code Ann. § 29-39-102.

91. A judicial determination of Plaintiffs' rights is necessary and appropriate at this time because of Tenn. Code Ann. § 29-39-102(g), which provides, that the existence of caps "shall not be disclosed to the jury, but shall be applied by the court to any award of noneconomic damages." That provision is inconsistent with an instruction to the jury that it will find the amount of non-economic damages.

92. Jurors, as a matter of law, are presumed to know the law, and therefore to know of the existence of the caps, despite the preclusion of any mention of them.

93. Jurors, as a matter of fact, know about the existence of caps.

94.     Knowledge of the existence of caps makes any final verdict untrustworthy with regard to the jury's actual evaluation of caps.  For example, if a jury identified a range of $2-3 million as a possible range of appropriate non-economic damages, it would be irrational for a juror with knowledge of the caps not to disclose that the lower limit of the range was above the amount legally possible to give.  A final verdict of $750,000 would not reflect the real evaluation of the jury, but could preclude judicial review of the constitutionality of the cap.

95.     Absent the ability to discuss the cap, it is impossible to select with any appropriate degree of certainty jurors who can put aside any knowledge of the existence of the caps in rendering a verdict.

96.     Defendants have a real interest, adverse to Plaintiffs, in having the cap under Tenn. Code Ann. § 29-39-102 applied to limit the damages and their liability in this case.

97.     Pursuant to Tenn. Code Ann. § 29-14-107, a copy of this Amended Complaint is being served on the Attorney General of the State of Tennessee, notifying the State of Tennessee Attorney General that Plaintiffs are challenging the constitutionality of Tenn. Code Ann. § 29-39-102.

98.     The inability to make fundamental strategy decisions and evaluations, due to the current uncertainty as to Plaintiffs' legal rights, constitutes a real, actual, justiciable controversy between the parties that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1.     That the Court find and issue a Declaratory Judgment that Tenn. Code Ann. § 29-39-102 is unconstitutional and void both on its face and as applied in this case;

2.     That the Court empanel a jury to hear this cause;

16

3.      That the Court enter judgment in favor of Plaintiffs and against Defendants for compensatory damages in an amount to be determined at trial sufficient to compensate Plaintiffs for their economic and non-economic damages;

4.      That the Court award Plaintiffs treble damages under Tenn. Code Ann. § 47-18-109(a)(3);

5.      That the Court enter judgment in favor of Plaintiffs and against Defendants for punitive damages in an amount to be determined at trial sufficient to others similarly situated from engaging in such behavior in the future;

6.      That the Court award Plaintiffs their reasonable attorney's fees and costs under Tenn. Code Ann. § 47-18-109(e)(1);

7.      That the Court assess the costs of this cause, including discretionary costs, against Defendants; and

8.      That the Court grant Plaintiffs such other and further general relief as justice may require.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Philip N. Elbert
    Philip N. Elbert, No. 009430
    Jeffrey A. Zager, No. 032451
    Benjamin C. Aaron, No. 034118

1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 24th day of July, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to the following:

Gerard M. Siciliano, Esq.
Tess Heisserer, Esq.
LUTHER-ANDERSON, PLLP
Suite 700 One Union Square
100 W. Martin Luther King Blvd.
P. O. Box 151
Chattanooga, TN 37401-0151
*Counsel for Defendants*

The foregoing document was served via U.S. Mail upon the following:

Herbert H. Slatery III
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

　　　　　　　　　　　　 /s/ Philip N. Elbert

18