IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | |
|---|---|
| Ashton Hughes,<br>Joshua VanDusen,<br>Shannon Helmers, and<br>Charles Dodson,<br><br>    Plaintiffs,<br>v.<br><br>Denise Jackson and,<br>RVshare, LLC,<br><br>    Defendants. | Civil Action No. 4:19-cv-00028-CLC-SKL<br><br>Judge Curtis L. Collier<br>Magistrate Judge Susan K. Lee |

## DEFENDANT DENISE JACKSON'S ANSWER TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** the Defendant, Denise Jackson ("Jackson"), by and through counsel, and submits her answer to Plaintiffs' First Amended Complaint ("Plaintiffs' Amended Complaint") filed against Denise Jackson and Co-Defendant RVshare, LLC ("RVshare"), as follows:

1. Jackson admits the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Jackson can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint, and therefore denies.

3. Jackson can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint, and therefore denies.

4. Jackson can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint, and therefore denies.

5. Jackson admits the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint

6. Jackson admits the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7. In response to Paragraph 7 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-6 as if fully set forth herein.

8. The allegations contained in Paragraph 8 of the Plaintiffs' Amended Complaint are admitted.

1

9. Insofar as Paragraph 9, Jackson is without the requisite knowledge to admit or deny where the events and injuries occurred and therefore denies those allegations. Jackson also submits that the contractual agreement between her and Plaintiffs contains a valid forum selection clause selecting the State of Georgia and therefore she denies that venue is proper.

10. Paragraph 10 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. Jackson admits the factual allegations directed to her.

11. In response to Paragraph 11 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-10 as if fully set forth herein.

12. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

13. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

14. Jackson admits the allegations contained in Paragraph 14 of the Plaintiffs' Amended Complaint.

15. Jackson denies the allegations contained in Paragraph 15 of the Plaintiffs' Amended Complaint.

16. Jackson denies the allegations contained in Paragraph 16 of the Plaintiffs' Amended Complaint.

17. Jackson denies the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

18. Jackson can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint, and therefore denies.

19. Jackson can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint, and therefore denies.

20. Jackson can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint, and therefore denies.

21. Jackson denies the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint.

22. In response to Paragraph 22 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-21 as if fully set forth herein.

23. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

24. Paragraph 24 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25. Paragraph 25 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26. Paragraph 26 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Paragraph 27 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

28. Paragraph 28 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint.

29. Paragraph 29 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30. Paragraph 30 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31. Paragraph 31 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson denies the allegations, as stated, contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32. Paragraph 32 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson admits the RVshare invites RV owners to list their RV on website and earn income. Jackson, however, avers she believes this is subject to terms of service or some other writing.

33. Paragraph 33 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson can neither admit nor deny the allegations contained in Paragraph 33 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

34. Paragraph 34 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson can neither admit nor deny the allegations contained in Paragraph 34 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

35. Paragraph 35 of the Plaintiffs' Amended Complaint is not directed toward Jackson, and therefore, no response from Jackson is required. To the extent a response is required, Jackson can neither admit nor deny the allegations contained in Paragraph 35 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

36. In response to Paragraph 36 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-35 as if fully set forth herein.

37. Jackson admits the allegations contained in Paragraph 37 of the Plaintiffs' Amended Complaint.

38. Jackson admits the allegations contained in Paragraph 38 of the Plaintiffs' Amended Complaint.

39. As stated, Jackson denies the allegations contained in Paragraph 39 of the Plaintiffs' Amended Complaint.

40. Jackson admits the general allegations contained in Paragraph 40 of the Plaintiffs' Amended Complaint.

41. As stated, Jackson admits the allegations contained in Paragraph 41 of the Plaintiffs' Amended Complaint.

42. Jackson admits the allegations contained in Paragraph 42 of the Plaintiffs' Amended Complaint.

43. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Plaintiffs' Amended Complaint and therefore deny the allegations.

44. Jackson denies the allegations contained in Paragraph 44 of the Plaintiffs' Amended Complaint.

45. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 45 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

46. In response to Paragraph 46 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-45 as if fully set forth herein.

47. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 47 of the Plaintiffs' Amended Complaint.

48. Jackson denies the allegations contained in Paragraph 48 of the Plaintiffs' Amended Complaint.

49. Jackson denies the allegations contained in Paragraph 49 of the Plaintiffs' Amended Complaint.

50. Jackson denies the allegations contained in Paragraph 50 of the Plaintiffs' Amended Complaint.

51. Jackson denies the allegations contained in Paragraph 51 of the Plaintiffs' Amended Complaint.

52. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

53. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

54. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

55. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

56. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 56 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

57. Jackson is without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Plaintiffs' Amended Complaint and therefore denies the allegations.

58. As stated, Jackson denies the allegations contained in Paragraph 58 of the Plaintiffs' Amended Complaint.

59. Jackson denies the allegations and inferences contained in Paragraph 59 of the Plaintiffs' Amended Complaint.

60. Jackson denies the allegations contained in Paragraph 60 of the Plaintiffs' Amended Complaint.

61. In response to Paragraph 61 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-60 as if fully set forth herein.

62. Paragraph 62 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson admits the general allegations contained in Paragraph 62 of the Plaintiffs' Amended Complaint.

63. Paragraph 63 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 63 of the Plaintiffs' Amended Complaint.

64. Paragraph 64 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 64 of the Plaintiffs' Amended Complaint and strict proof thereof is required.

65. Paragraph 65 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 65 of the Plaintiffs' Amended Complaint and strict proof thereof is required.

66. Paragraph 66 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 66 of the Plaintiffs' Amended Complaint and strict proof thereof is required.

67. Paragraph 67 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 67 of the Plaintiffs' Amended Complaint and strict proof thereof is required.

68. Paragraph 68 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations contained in Paragraph 68 of the Plaintiffs' Amended Complaint and strict proof thereof is required.

69. In response to Paragraph 69 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-68 as if fully set forth herein.

70. Paragraph 70 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

71. Paragraph 71 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

72. Paragraph 72 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

73. Paragraph 73 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

74. Paragraph 74 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

75. Paragraph 75 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

76. Paragraph 76 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson states that she is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

77. In response to Paragraph 77 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-76 as if fully set forth herein.

78. Jackson denies the allegations in Paragraph 78 of the Plaintiffs' Amended Complaint as directed against her.

79. Jackson denies the allegations in Paragraph 79 of the Plaintiffs' Amended Complaint as directed against her.

80. Jackson denies the allegations in Paragraph 80 of the Plaintiffs' Amended Complaint as directed against her.

81. Jackson denies the allegations in Paragraph 81 of the Plaintiffs' Amended Complaint as directed against her.

82. Jackson admits that Plaintiffs seek damages under Tennessee law in excess of $75,000. Jackson denies that she is liable for any damages, or that her conduct led to any of the damages alleged by Plaintiffs.

83. In response to Paragraph 83 of Plaintiffs' Amended Complaint, Jackson adopts and incorporates her responses Paragraphs 1-82 as if fully set forth herein.

84. Paragraph 84 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson admits Plaintiffs made the allegations in Paragraph 84 of the Plaintiffs' Amended Complaint, but deny they are entitled to such.

85. Paragraph 85 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

86. Paragraph 86 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

87. Paragraph 87 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

88. Paragraph 88 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

89. Paragraph 89 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

90. Paragraph 90 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

91. Paragraph 91 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

92. Paragraph 92 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

93. Paragraph 93 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

94. Paragraph 94 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

95. Paragraph 95 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

96. Paragraph 96 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

97. Paragraph 97 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

98. Paragraph 98 of the Plaintiffs' Amended Complaint is not directed toward Jackson and, therefore, no response from Jackson is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Jackson denies the allegations.

99. Insofar as the Plaintiffs' Amended Complaint contains any factual allegations not specifically admitted or denied herein, those allegations are denied by Jackson.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction in whole or in part over Plaintiffs' claims to the extent Plaintiffs lack standing to bring these claims against Jackson.

2. Plaintiffs' claims are barred as the damages they seek are limited by the Terms of Service that they agreed to upon in Paragraph 13 of the Terms and Conditions Section of the Rental Agreement.

3. This Court is not the proper venue for this action against Jackson pursuant to the forum selection clause agreed upon by and between Jackson and Ashton Hughes. The rental commenced in Jackson's state of residence – Georgia.

4. The claims in Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted against Jackson.

5. Jackson is not liable for any alleged defect in the RV rented by Plaintiffs because such claims are barred by the Terms of Service that they agreed to upon in Paragraph 13 of the Terms and Conditions Section of the Rental Agreement. The Terms of Service provide that RVs are "provided 'as is' without any condition or warranty whatsoever.

6. Plaintiffs' claims are barred due to the Terms and Conditions Section of the Rental Agreement which provides the following indemnification clause:

> "You agree to indemnify us and RVshare, defend us and RVshare, and hold us and RVshare harmless from all claims liability, costs, and attorneys' fees we incur resulting from, or arising out of: this rental, your use of the Vehicle, our repossession of it, or any unsafe fueling practices by you."

7. Plaintiffs' claims are barred due to the express waiver of warranty provision under the Terms and Conditions Section of Rental Agreement which provides the following clause:

> "We and RVshare make no warranties, express, implied or apparent, regarding the Vehicle or Optional Equipment, no warranty of merchantability and no warranty that the Vehicle or Optional Equipment is fit for a particular purpose."

8. Plaintiffs individually or collectively acknowledged and agreed in the Terms and Conditions Section of Rental Agreement that Jackson is not liable for damage as a result of Plaintiffs' negligence or improper use.

11

9. Plaintiffs' claims are barred because the Terms and Conditions Section of Rental Agreement establishes the following uses of the vehicle are prohibited and constitute a material breach of the agreement:

(1) use by anyone under influence of drugs or alcohol, (2) use when it is reasonable to expect further operation would damage the vehicle, (3) use that results in damaging the vehicle by intentional, wanton, willful, or reckless conduct, (4) smoking in the vehicle without written consent, (5) using as commercial vehicle, (6) failing to use the vehicle in compliance with all instructions and warnings provided.

10. The Plaintiffs individually or collectively breached the agreement that covers the rental transaction between the parties in that they misused, acted negligently, and damaged the vehicle during the rental period.

11. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted Jackson's ability to defend this lawsuit and impeded her access to witnesses and physical evidence.

12. Jackson asserts she performed all duties owed under the agreement between the parties covering the rental of the recreational vehicle and only the Plaintiffs are in breach of the agreement.

13. Plaintiffs failed to mitigate their damages upon usage of the RV and generator after they knew or should have known of a defect.

14. Per Ashton Hughes negotiated upon rental of Jackson's RV, unless prohibited by law, she agreed to release Jackson and RVShare from any liability for consequential, special or punitive damages in connection with the rental of the vehicle

15. Despite making allegations of faulty equipment, Plaintiffs have failed to name indispensable parties who designed, manufactured, distributed, or sold the recreational vehicle who may have caused or contributed to Plaintiffs' damages.

16. Plaintiffs acted with unclean hands in that they caused damage or misused the recreational vehicle and mechanical parts therein during their usage and possession.

17. Plaintiffs assumed various risks of renting and using the vehicle by the terms of the agreement between the parties.

18. Any damages suffered by Plaintiffs were caused entirely by Plaintiffs or by parties other than Jackson. Jackson asserts the doctrine of comparative fault pursuant to decisional law of the State of Tennessee and the provisions of Tenn. Code Ann. § 29-39-101, et seq. in every aspect of this litigation. It is affirmatively asserted that the actions, inaction, omissions and negligence, as the proof may show, of Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that Jackson is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in Plaintiffs' Amended Complaint.

19. Plaintiffs have failed to name indispensable parties, including but not limited to the manufacturer or dealer of the vehicle, Forest River, Inc., or the generator, Cummings, Inc.

20. Further, Plaintiffs have failed to name the promoters and organizers of the 2018 Bonnaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe, and it so may have comparative fault.

21. Jackson reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party complaints as new information becomes available to Jackson.

WHEREFORE, Jackson respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice, and award Jackson any other relief that it may be entitled to, including attorneys' fees and costs.

Respectfully submitted,

**LUTHER-ANDERSON, PLLP**

By: /s/ Calli C. Kovalic
**GERARD M. SICILIANO, BPR # 9647**
**CALLI KOVALIC, BPR #034876,** *pro hac vice*
*Counsel for Denise Jackson*
100 W. MLK Blvd Suite 700
Chattanooga, TN 37401-0151
(423) 756-5034

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of filing to the following:

Philip N. Elbert, Esq.
Jeffrey A. Zager, Esq.
Benjamin C. Aaron, Esq.
NEAL & HARWELL, PLC
1201 Demonbren Street, Suite 1000
Nashville, TN 37203

This 26th day of August, 2019.

The foregoing document was served via U.S. Mail upon the following:

Herbert H. Slatery III
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

This 26th day of August, 2019.

**LUTHER-ANDERSON, PLLP**


By: ____/S/ Calli C. Kovalic_____
**CALLI KOVALIC, BPR #034876,** *pro hac vice*