IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | | |
|---|---|---|
| Ashton Hughes, <br> Joshua VanDusen, <br> Shannon Helmers, and <br> Charles Dodson, | ) <br> ) <br> ) <br> ) <br> ) | |
|     Plaintiffs, | ) | Civil Action No. 4:19-cv-00028-CLC-SKL |
| v. | ) <br> ) | Judge Curtis L. Collier |
| Denise Jackson and, <br> RVshare, LLC, | ) <br> ) <br> ) | Magistrate Judge Susan K. Lee |
|     Defendants. | ) | |

**DEFENDANT RVSHARE, LLC'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant RVshare, LLC ("RVshare"), by and through counsel, submits its Answer to Plaintiffs' First Amended Complaint ("Plaintiffs' Amended Complaint") filed against RVshare and Co-Defendant Denise Jackson, as follows:

1. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

2. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

3. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

4. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

5. RVshare is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies the allegations.

6. RVshare admits the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

7. In response to Paragraph 7 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-6 as if fully set forth herein.

8. Paragraph 8 of Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies that it owes damages exceeding $75,000. RVshare is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph.

9. RVshare denies that venue is proper in this judicial district, because Plaintiffs' claims against RVshare are subject to RVshare's Terms of Service, which require that all claims against RVshare be brought in Summit County, Ohio. RVshare states further that it is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph.

10. Paragraph 10 of the Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. To the extent a response is required, RVshare admits only that it maintains a website that facilitates the rentals of recreational vehicles throughout the United States, including in Tennessee, and that rental revenue was derived from renting Jackson's recreational vehicle. RVshare is without sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph, particularly those addressed to Defendant Jackson.

## GENERAL ALLEGATIONS

11. In response to Paragraph 11 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

12. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

13. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

14. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

15. RVshare denies the allegations contained in Paragraph 15 of the Plaintiffs' Amended Complaint.

16. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

17. RVshare denies the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

18. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

19. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

20. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

21. RVshare denies the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint.

**PLAINTIFF ASHTON HUGHES SEARCHES FOR AN RV ON RVSHARE.COM**

22. In response to Paragraph 22 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-21 as if fully set forth herein.

23. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

24. RVshare admits the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25. RVshare admits the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26. RVshare admits that RV owners who agree to RVshare's Terms of Service can list their RVs for rent on RVshare.com.

27. RVshare admits that RV renters who agree to RVshare's Terms of Service can search for and book RVs available for rent on RVshare.com.

28. RVshare admits the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint.

29. RVshare admits the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30. RVshare admits the allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31. RVshare denies that the quoted language contained in Paragraph 31 of Plaintiffs' Amended Complaint appeared on RVshare's website at the time Plaintiffs rented their RV.

32. RVshare admits that RV owners who agree to RVshare's Terms of Service are invited to list their RVs on its website and to earn rental income.

33. RVshare admits that it lists RVs for rent in Tennessee and that it markets those RVs to Tennessee citizens. RVshare denies the remaining allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

34. RVshare admits that it advertises RV rentals for events in Tennessee, including the Bonnaroo Music & Arts Festical. RVshare denies the remaining allegations in Paragraph 34 of Plaintiffs' Amended Complaint.

35. RVshare admits that it derives revenue from the rental of RVs to renters in Tennessee. RVshare is without sufficient knowledge and information to admit or deny the remaining allegations in this Paragraph, and therefore denies the allegations.

## PLAINTIFF ASHTON HUGHES RENTS AN RV ON RVSHARE.COM

36. In response to Paragraph 36 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-35 as if fully set forth herein.

37. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

38. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

39. RVshare denies the allegations in this Paragraph of Plaintiffs' Amended Complaint.

40. RVshare admits the allegations in Paragraph 40 of Plaintiffs' Amended Complaint.

41. RVshare admits the allegations in Paragraph 41 of Plaintiffs' Amended Complaint.

42. RVshare admits the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

44. In response to the allegations in Paragraph 44 of Plaintiffs' Amended Complaint. RVshare states that under the Terms of Service that Plaintiffs and Jackson agreed to, it had no duty to inspect, confirm the safety of, or provide warning or instruction to Plaintiffs in the safe operation of the generator. RVshare is without sufficient information to admit or deny the remaining allegations contained in Paragraph 44.

45. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

## PLAINTIFFS INHALE CARBON MONOXIDE DUE TO RV DEFECTS

46. In response to Paragraph 46 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-45 as if fully set forth herein.

47. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

48. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

49. RVshare denies the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

51. RVshare denies the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

53. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

54. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

55. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

56. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

57. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

58. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

59. RVshare denies the allegations and inferences contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60. RVshare denies the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

**NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND MISCONDUCT OF DEFENDANT DENISE JACKSON**

61. In response to Paragraph 61 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-60 as if fully set forth herein.

62. Paragraph 62 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

63. Paragraph 63 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

64. Paragraph 64 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient

information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

65. Paragraph 65 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

66. Paragraph 66 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

67. Paragraph 67 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

68. Paragraph 68 of the Plaintiffs' Amended Complaint is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare states that it is without sufficient information to admit or deny the allegations contained in this Paragraph, and therefore denies the allegations.

## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND MISCONDUCT OF DEFENDANT RVSHARE, LLC

69. In response to Paragraph 69 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-68 as if fully set forth herein.

70. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

71. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies each of the allegations in this paragraph.

72. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

73. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

74. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

75. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

76. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph.

## **INJURIES AND DAMAGES OF PLAINTIFFS**

77. In response to Paragraph 77 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its to responses Paragraphs 1-76 as if fully set forth herein.

78. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

79. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

80. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

81. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, RVshare denies the allegations in this paragraph that are directed at RVshare. RVshare is without sufficient information to admit or deny the allegations contained in this Paragraph that are directed at other defendants, and therefore denies those allegations.

82. RVshare admits that Plaintiffs seek damages under Tennessee law in excess of $75,000. RVshare denies that it is liable for any damages, or that its conduct led to any of the damages alleged by Plaintiffs.

## DECLARATION OF UNCONSTITUTIONALITY

83. In response to Paragraph 83 of Plaintiffs' Amended Complaint, RVshare adopts and incorporates its responses to Paragraphs 1-82 as if fully set forth herein.

84. RVshare admits only that Plaintiffs seek the relief alleged in Paragraph 84 of Plaintiffs' Amended Complaint. RVshare denies that Plaintiffs are entitled to that relief.

85. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

86. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

87. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

88. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

89. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

90. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

91. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

92. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

93. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

94. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

95. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

96. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

97. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

98. This Paragraph is not directed toward RVshare and, therefore, no response from RVshare is required. In addition, this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, RVshare denies the allegations.

99. Insofar as the Complain contains any factual allegations not specifically admitted or denied herein, those allegations are denied.

## AFFIRMATIVE DEFENSES

1. The claims in Plaintiffs' Amended Complaint fail to state a claim upon which relief can be granted against RVshare.

2. This Court lacks jurisdiction in whole or in part over Plaintiffs' claims to the extent Plaintiffs lack standing to bring these claims against RVshare.

3. Plaintiffs' claims are barred as the damages they seek are limited by the Terms of Service that they agreed to upon using RVshare's website.

4. This Court is not the proper venue for this action pursuant to the forum selection clause agreed upon by the parties as RVshare's Terms of Service require all claims against RVshare to be brought in Summit County, Ohio.

5. RVshare's Terms of Service make clear that RVshare is not a party to the Rental Agreement between Plaintiffs and Jackson, and that "Owners and Renters are acting on their own behalf and at their own risk." Thus, RVshare is not liable for any claims arising out of the Rental Agreement between Plaintiffs and Jackson.

11

6. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, Plaintiffs' claims are barred due to the Terms and Conditions Section of the Rental Agreement which provides the following indemnification clause:

> "You agree to indemnify us and RVshare, defend us and RVshare, and hold us and RVshare harmless from all claims liability, costs, and attorneys' fees we incur resulting from, or arising out of: this rental, your use of the Vehicle, our repossession of it, or any unsafe fueling practices by you."

7. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, Plaintiffs' claims are barred due to the express waiver of warranty provision under the Terms and Conditions Section of Rental Agreement which provides the following clause:

> "We and RVshare make no warranties, express, implied or apparent, regarding the Vehicle or Optional Equipment, no warranty of merchantability and no warranty that the Vehicle or Optional Equipment is fit for a particular purpose."

8. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, Plaintiffs individually or collectively acknowledged and agreed in the Terms and Conditions Section of Rental Agreement that RVshare is not liable for damage as a result of Plaintiffs' negligence or improper use.

9. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, Plaintiffs' claims are barred because the Terms and Conditions Section of Rental Agreement establishes the following uses of the vehicle are prohibited and constitute a material breach of the agreement:

> (1) use by anyone under influence of drugs or alcohol, (2) use when it is reasonable to expect further operation would damage the vehicle, (3) use that results in damaging the vehicle by intentional, wanton, willful, or reckless conduct, (4) smoking in the vehicle without written consent, (5) using as commercial vehicle, (6) failing to use the vehicle in compliance with all instructions and warnings provided.

10. To the extent that RVshare is liable for claims arising under the Rental Agreement, which it is not, Plaintiffs' claims are barred because they individually or collectively breached the Rental Agreement in that they misused, acted negligently, and damaged the vehicle during the rental period.

11. RVshare's Terms of Service provide that RVs are "provided 'as is' without any condition or warranty whatsoever." Thus, RVshare is not liable for the claims alleged in Plaintiffs' Complaint.

12. RVshare's Terms of Service provide that RVshare disclaims "any responsibility and for accuracy of the information provided by the RV Owners." Thus, RVShare is not liable for the claims alleged in Plaintiffs' Complaint.

13. RVshare's Terms of Service provide that RVshare "is not responsible for and disclaims any and all liability related to any and all listings and RVs. Accordingly, any bookings will be made at the renter's and owner's own risk." Thus, RVshare is not liable for the claims alleged in Plaintiffs' Complaint.

14. RVshare's Terms of Service provide that, "By using the Services, you agree that any legal remedy or liability that you seek to obtain for actions or omissions of other Parties or other third parties will be limited to a claim against the particular Party or other third parties who caused you harm, and you agree not to impose liability on, or seek any legal remedy from [RVshare] with respect to such actions or omissions." Thus, RVshare is not liable for any alleged defect in the RV rented by Plaintiffs.

15. RVshare's Terms of Service include a waiver of jury trial. Thus, Plaintiffs' jury demand is unenforceable against RVshare.

16. RVshare's Terms of Service include the following indemnification clause:

> "Party agrees to indemnify, defend and hold harmless Company and its parent, subsidiary and affiliated companies, and each of their respective officers, directors, employees, shareholders, attorneys and agents (each an "indemnified party" and, collectively, "indemnified parties") from and against any and all claims, damages, losses, liabilities, suits, actions, demands, proceedings, and expenses (including, but not limited to, reasonable attorney's fees) threatened, asserted, or filed by a third part against any of the indemnified parties arising out of or relating to Party's purchase of the offer, any breach of any representation, warranty, or covenant of Party contained in this Agreement, or any acts or omissions of Party."

17. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted RVshare's ability to defend this lawsuit and impeded RVshare's access to witnesses and physical evidence.

18. RVshare owed no legal duties to Plaintiffs.

19. To the extent any duty was owed by RVshare to Plaintiffs, RVshare performed all duties owed under the Terms of Service governing Plaintiffs' use of RVshare's website.

20. Plaintiffs failed to mitigate their damages.

13

21. Plaintiffs had breached provisions of the Rental Agreement and Terms of Service. Therefore, RVshare owed no duty to Plaintiffs as no contracts were in effect at time of alleged injuries.

22. Any damages suffered by Plaintiffs were caused entirely by Plaintiffs or by persons or by entities other than RVshare. RVshare asserts the doctrine of comparative fault pursuant to decisional law of the State of Tennessee and the provisions of Tenn. Code Ann. § 29-39-101, et seq. in every aspect of this litigation. It is affirmatively asserted that the actions, inaction, omissions and negligence, as the proof may show, of Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that RVshare is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in Plaintiffs' Amended Complaint.

23. Plaintiffs agreed to waive RVshare's liability by agreeing to the Terms of Service.

24. Plaintiffs have failed to name indispensable parties.

25. Plaintiffs' claims are barred because they caused damage or misused the recreational vehicle and mechanical parts therein.

26. Plaintiffs assumed the risk of renting the vehicle after agreeing to the Terms of Service.

27. RVshare reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, or third-party complaints as new information becomes available to RVshare.

WHEREFORE, RVshare respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice, and award RVshare any other relief that it may be entitled to, including attorneys' fees and costs.

Respectfully submitted,

**LUTHER-ANDERSON, PLLP**

By: /s/ Calli C. Kovalic
**GERARD M. SICILIANO, BPR # 9647**
**CALLI KOVALIC, BPR #034876,** *pro hac vice*
*Counsel for RVshare, LLC*
100 W. MLK Blvd Suite 700
Chattanooga, TN  37401-0151
(423) 756-5034

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of filing to the following:

Philip N. Elbert, Esq.
Jeffrey A. Zager, Esq.
Benjamin C. Aaron, Esq.
NEAL & HARWELL, PLC
1201 Demonbren Street, Suite 1000
Nashville, TN 37203

This 26th day of August, 2019.

The foregoing document was served via U.S. Mail upon the following:

Herbert H. Slatery III
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

This 26th day of August, 2019.

**LUTHER-ANDERSON, PLLP**

By: /S/ Calli C. Kovalic
**CALLI KOVALIC, BPR #034876,** *pro hac vice*