# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| ASHTON HUGHES, <br> JOSHUA VANDUSEN, <br> SHANNON HELMERS, and <br> CHARLES DODSON, <br><br> Plaintiffs, <br><br> v. <br><br> DENISE JACKSON and <br> RVSHARE, LLC, <br><br> Defendants. | Case No. 4:19-cv-00028-CLC-SKL <br><br> JURY DEMAND <br><br><br> JUDGE COLLIER <br> MAGISTRATE JUDGE LEE |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion to Strike. For the reasons stated herein, the seventeenth and twenty-fourth affirmative defenses of Defendant RVshare, LLC and the eleventh, fifteenth, nineteenth, and twentieth affirmative defenses of Defendant Denise Jackson are insufficient, immaterial, impertinent, and/or scandalous and should each be stricken.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2019, Plaintiffs Aston Hughes, Joshua Vandusen, Shannon Helmers, and Charles Dodson (collectively, "Plaintiffs") filed this action against Defendants RVshare, LLC ("RVshare") and Denise Jackson to hold Defendants accountable for the unreasonably poor maintenance, dangerous modification, and unsafe condition of a recreational vehicle ("RV") rented by Plaintiffs from Defendants that caused Plaintiffs to suffer life-threatening carbon monoxide poisoning. On July 3, 2019, Defendants RVshare and Jackson each filed Answers to Plaintiffs' original Complaint. (D.E. 21 and 22.) On July 24, 2019, Plaintiffs filed an Amended Complaint

(D.E. 25), pursuant to Fed. R. Civ. P. 15(a)(1)(B), to correct minor typographical errors in the original Complaint.

As set forth in greater detail in Plaintiffs' Amended Complaint, Plaintiffs are emergency medical personnel who were hired to work at the Bonnaroo Music & Arts Festival in Coffee County, Tennessee. (Amended Compl., at ¶ 12.) Between shifts, Plaintiffs stayed, and slept, in a RV that Plaintiff Ashton Hughes rented through RVshare's website: RVshare.com. (*Id.* at ¶¶ 13, 23-24.) RVshare.com allows RV owners who wish to rent their RV to list their RV for rent on the website while simultaneously allowing prospective RV renters to search for and rent RVs. (*Id.* at ¶¶ 26-27.) The RV that Plaintiff Hughes rented through RVshare.com was owned and maintained by Defendant Jackson. (*Id.* at ¶ 13.)

RVshare expressly and implicitly endorsed and represented Jackson as a trusted and reliable owner and her RV as being properly inspected, maintained, and reasonably safe and suitable for use. (*Id.* at ¶ 39.) Indeed, RVshare.com advertises that "[w]ith owner and renter verification, we ensure that your rental experience is as safe as possible." (*Id.* at ¶ 31.)

The RV was equipped with an electrical generator that powered the RV's air conditioning unit and other accessory functions. (*Id.* at ¶ 14.) On or about June 10 and 11, 2018, following a shift at the Bonnaroo Music & Arts Festival, Plaintiffs were inside the RV while the onboard generator was running. (*Id.* at ¶ 47.) Unbeknownst to Plaintiffs, the generator's exhaust pipe had been altered or damaged, did not extend out from the RV, and was otherwise in an unreasonably dangerous condition so that it did not direct the generator's exhaust fumes away from the RV. (*Id.* at ¶ 48.) Instead, it directed the exhaust fumes towards the living quarters, where Plaintiffs slept. (*Id.*)

2

Although, the RV was equipped with a carbon monoxide detector, it was not working, was not connected, and was otherwise in an unreasonably dangerous condition so that it could not, and did not, alert Plaintiffs to the presence of carbon monoxide in the RV. (*Id.* at ¶ 50.) When deadly contamination from carbon monoxide leaked into the interior living space of the RV, Plaintiffs were not given any warning and were exposed to toxic, life-threatening levels of carbon monoxide gas. (*Id.* at ¶¶ 16-17.) All four Plaintiffs were required to be air evacuated for emergency medical treatment and each suffered serious, and in certain aspects permanent, injuries due to inhalation of carbon monoxide. (*Id.* at ¶ 20.) Defendants knew, or should have known, that the generator's exhaust system was not in a safe condition and that the RV's carbon monoxide detector was not working, and Plaintiffs suffered (and continue to suffer) significant physical injuries as a direct result of Defendants' misconduct. (*Id.* at ¶¶ 49, 51, 60.)

On August 26, 2019, RVshare and Jackson each filed Answers to Plaintiffs' Amended Complaint (D.E. 30 and 31), asserting numerous affirmative defenses. Included in the 27 separate affirmative defenses asserted by RVshare are the following:

> 17. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted RVshare's ability to defend this lawsuit and impeded RVshare's access to witnesses and physical evidence.
>
> . . . .
>
> 24. Plaintiffs have failed to name indispensable parties.

(D.E. 31, RVshare's Ans. to Plaintiffs' Amended Compl.)

Similarly, the following are included in the 21 separate affirmative defenses asserted by Jackson:

> 11. Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted Jackson's ability to

3

defend this lawsuit and impeded her access to witnesses and physical evidence.

. . . .

15. Despite making allegations of faulty equipment, Plaintiffs have failed to name indispensable parties who designed, manufactured, distributed, or sold the recreational vehicle who may have caused or contributed to Plaintiffs' damages.

. . . .

19. Plaintiffs have failed to name indispensable parties, including but not limited to the manufacturer or dealer of the vehicle, Forest River, Inc., or the generator, Cummings, Inc.

20. Further, Plaintiffs have failed to name the promoters and organizers of the 2018 Bonnaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe, and it [sic] so may have comparative fault.

(D.E. 30, Jackson's Ans. to Plaintiffs' Amended Compl.)

Each of these affirmative defenses is insufficient, immaterial, impertinent, and/or scandalous and should, therefore, be stricken.

## LAW AND ARGUMENT

Under Fed. R. Civ. P. 12(f), the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "What constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question." *Bolton v. United States*, No. 2:12-cv-3031, 2013 WL 3965427, at *2 (W.D. Tenn. Aug. 1, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)). A motion to strike should be granted "only when the pleading to be stricken has no possible relationship to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). In addition, when presented with a Rule 12(f) motion, courts must assess if the moving party will be prejudiced by

4

the inclusion of the defense. *See Damron v. ATM Central LLC*, No. 1:10-cv-01210-JDB-egb, 2010 WL 6512345, at *2 (citing *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)). Ultimately, the decision of whether to strike an affirmative defense is within the discretion of the trial court. *See Starnes Family Office, LLC v. McCullar*, 765 F. Supp.2d 1036, 1047 (W.D. Tenn. 2011).

1. <u>RVshare's Seventeenth Affirmative Defense and Jackson's Eleventh Affirmative Defense</u>

Both RVshare and Jackson allege, as an affirmative defense, that:

> Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted RVshare's/Jackson's ability to defend this lawsuit and impeded RVshare's/her access to witnesses and physical evidence.

*See* RVshare's Affirmative Defense No. 17 and Jackson's Affirmative Defense No. 11.

There is no basis, in law or fact, for such a defense. As set forth in Plaintiffs' Amended Complaint, Plaintiffs' injuries – that is, their exposure to deadly carbon monoxide – occurred on or about June 10 and 11, 2018. Plaintiffs filed their original Complaint (D.E. 1) on April 24, 2019, less than one year after their cause of action arose and well within the statute of limitations. Indeed, although each Defendant raises more than 20 affirmative defenses, neither alleges that Plaintiffs' claims are barred by the statute of limitations – nor could they. As such, there is no basis for Defendants to suggest that Plaintiffs have "waited an unreasonably long time to assert their claims." To allow such an allegation to remain in Defendants' Answers, and to potentially be shown to a jury, would be unfairly prejudicial to Plaintiffs, as it is undisputed that Plaintiffs have timely filed this lawsuit.

Similarly, Defendants have provided no basis whatsoever – nor, would Plaintiffs submit, does one exist – to allege that Plaintiffs have "adversely restricted RVshare's/Jackson's ability to defend this lawsuit and impeded RVshare's/Jackson's access to witnesses and physical evidence."

5

An accusation that a party has "impeded access to witnesses and physical evidence" is a serious allegation, and one that counsel for Plaintiffs does not take lightly. Defendants offer absolutely no support for this entirely baseless "defense," nor could they. Indeed, almost immediately following Plaintiffs' injuries, the RV was returned to Defendants where, presumably, it has remained in Defendants' possession and control. If Defendants believe a spoliation or other discovery motion is appropriate, then the Rules of Civil Procedure provide Defendants with the appropriate procedural mechanisms to bring those issues before the Court and to seek appropriate relief. To allege such misconduct in the complete absence of any support, under the guise of an "affirmative defense," however, is entirely inappropriate.

As such, this affirmative defense is entirely inappropriate, impertinent, and scandalous and should be stricken.

2. RVshare's Twenty-Fourth Affirmative Defense and Jackson's Fifteenth, Nineteenth, and Twentieth Affirmative Defenses

Although phrased slightly differently, RVshare's twenty-fourth affirmative defense and Jackson's fifteenth, nineteenth, and twentieth affirmative defenses each seeks to dismiss Plaintiffs' lawsuit for failure to name indispensable parties.

Under Fed. R. Civ. P. 19, a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if, in that person's absence, the court cannot accord complete relief among existing parties, or if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may either impair the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring multiple (or otherwise inconsistent) obligations because of the interest. *See* Fed. R. Civ. P. 19(1)(1). Importantly, however, "a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party…"

6

*PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 204 (6th Cir.2001). Thus, "[t]he mere fact that a defendant points to the liability of another person does not render that other person indispensable to the litigation. Even joint tortfeasors are not necessary, let alone indispensable, parties within the meaning of Fed. R. Civ. P. 19(a)." *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013) (striking defendant's affirmative defense that plaintiff has failed to join an indispensable party when "Defendant fails to identify any alleged indispensable party and utterly fails to explain why any such party cannot be joined.").

Here, RVshare's twenty-fourth affirmative defense makes no effort to identify any alleged indispensable party, stating simply that "Plaintiffs have failed to name indispensable parties." Such a threadbare "defense," without more, is insufficient and should be stricken. Similarly, although Jackson offers slightly more information in her fifteenth, nineteenth, and twentieth affirmative defenses – namely, that Plaintiffs' complaint should be dismissed for failure to name the designer, manufacturer, or dealer of the RV or the promoters, organizers, and property owners associated with the Bonnaroo Music and Arts Festival – Jackson (like RVshare) still fails entirely to explain why such parties must be joined or cannot be joined. Instead, each of Defendants' affirmative defenses simply alleges that Plaintiffs have failed to name potential joint tortfeasors. Such an allegation, even if true, does not render those potential joint tortfeasors "indispensable" and, as such, these affirmative defenses are insufficient and should be stricken.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court grant their motion and strike the seventeenth and twenty-fourth affirmative defenses from the Answer of Defendant

7

RVshare as well as the eleventh, fifteenth, nineteenth, and twentieth affirmative defenses from the Answer of Defendant Jackson.

                Respectfully submitted,

                **NEAL & HARWELL, PLC**

                By: /s/ Jeffrey A. Zager
                     Philip N. Elbert, No. 009430
                     Jeffrey A. Zager, No. 032451
                     Benjamin C. Aaron, No. 034118
                1201 Demonbreun Street, Suite 1000
                Nashville, TN 37203
                (615) 244-1713 – Telephone
                (615) 726-0573 – Facsimile
                pelbert@nealharwell.com
                jzager@nealharwell.com
                baaron@nealharwell.com

                *Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 16th day of September, 2019.

Gerard M. Siciliano, Esq.
Calli C. Kovalic, Esq.
LUTHER-ANDERSON, PLLP
100 W. MLK Blvd. Suite 700
Chattanooga, TN 37401-0151

*Counsel for Defendants RVshare, LLC
and Denise Jackson*

/s/ Jeffrey A. Zager