IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, | ) ) ) ) ) | Case No. 4:19-cv-00028-CLC-SKL |
| Plaintiffs, | ) ) | JURY DEMAND |
| v. | ) ) ) | JUDGE COLLIER |
| DENISE JACKSON and RVSHARE, LLC, | ) ) ) | MAGISTRATE JUDGE LEE |
| Defendants. | ) ) | |
| DENISE JACKSON, | ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, | ) ) ) ) ) | |
| Counter-Defendants. | ) | |

## PLAINTIFFS/COUNTER-DEFENDANTS JOSHUA VANDUSEN, SHANNON HELMERS, AND CHARLES DODSON'S MOTION TO DISMISS

Plaintiffs/Counter-Defendants Joshua VanDusen, Shannon Helmers, and Charles Dodson move the Court to dismiss Denise Jackson's Counterclaim (Doc. 22) against them.[*] The Counterclaim fails to state a claim against any of them and should be dismissed under Rule 12(b)(6).

---

[*] Ashton Hughes, the remaining Plaintiff/Counter-Defendant, is filing a separate Answer to Denise Jackson's Counterclaim.

## BACKGROUND

On April 24, 2019, Plaintiffs Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson filed this action against Defendants RVshare, LLC, and Denise Jackson to hold Defendants accountable for the unreasonably poor maintenance, dangerous modification, and unsafe condition of a recreational vehicle ("RV") rented by Plaintiff Ashton Hughes from Defendants that caused Plaintiffs to suffer life-threatening carbon monoxide poisoning.

On July 3, 2019, Defendant Denise Jackson filed an Answer and Counterclaim in response to Plaintiffs' Complaint. (Doc. 22.) On July 24, 2019, Plaintiffs filed an Amended Complaint (Doc. 25), pursuant to Fed. R. Civ. P. 15(a)(1)(B), to correct minor typographical errors in the original Complaint. Defendants RVshare and Denise Jackson filed Answers to the Amended Complaint. (Doc. 30 and 31.) The Court then ordered that Plaintiffs/Counter-Defendants respond to Denise Jackson's Counterclaim. (Doc. 32.)

As set forth in greater detail in Plaintiffs' Amended Complaint, Plaintiffs are emergency medical personnel who were hired to work at the Bonnaroo Music & Arts Festival in Coffee County, Tennessee. (Doc. 25 at ¶ 12.) Between shifts, Plaintiffs stayed, and slept, in a RV that Plaintiff Ashton Hughes rented through RVshare's website: RVshare.com. (*Id.* at ¶¶ 13, 23-24.) RVshare.com allows RV owners who wish to rent their RV to list their RV for rent on the website while simultaneously allowing prospective RV renters to search for and rent RVs. (*Id.* at ¶¶ 26-27.) The RV that Ashton Hughes rented through RVshare.com was owned and maintained by Defendant Jackson. (*Id.* at ¶ 13.)

RVshare expressly and implicitly endorsed and represented Denise Jackson as a trusted and reliable owner and her RV as being properly inspected, maintained, and reasonably safe and

suitable for use. (*Id.* at ¶ 39.) Indeed, RVshare.com advertises that "[w]ith owner and renter verification, we ensure that your rental experience is as safe as possible." (*Id.* at ¶ 31.)

The RV was equipped with an electrical generator that powered the RV's air conditioning unit and other accessory functions. (*Id.* at ¶ 14.) On or about June 10 and 11, 2018, following a shift at the Bonnaroo Music & Arts Festival, Plaintiffs were inside the RV while the onboard generator was running. (*Id.* at ¶ 47.) Unbeknownst to Plaintiffs, the generator's exhaust pipe had been altered or damaged, did not extend out from the RV, and was otherwise in an unreasonably dangerous condition so that it did not direct the generator's exhaust fumes away from the RV. (*Id.* at ¶ 48.) Instead, it directed the exhaust fumes towards the living quarters, where Plaintiffs slept. (*Id.*)

Although the RV was equipped with a carbon monoxide detector, it was not working, was not connected, and was otherwise in an unreasonably dangerous condition so that it could not, and did not, alert Plaintiffs to the presence of carbon monoxide in the RV. (*Id.* at ¶ 50.) When deadly contamination from carbon monoxide leaked into the interior living space of the RV, Plaintiffs were not given any warning and were exposed to toxic, life-threatening levels of carbon monoxide gas. (*Id.* at ¶¶ 16-17.) All four Plaintiffs were required to be air evacuated for emergency medical treatment and each suffered serious, and in certain aspects permanent, injuries due to inhalation of carbon monoxide. (*Id.* at ¶ 20.) Defendants knew, or should have known, that the generator's exhaust system was not in a safe condition and that the RV's carbon monoxide detector was not working, and Plaintiffs suffered (and continue to suffer) significant physical injuries as a direct result of Defendants' misconduct. (*Id.* at ¶¶ 49, 51, 60.)

## DENISE JACKSON'S COUNTERCLAIM

In her Counterclaim (Doc. 22), Denise Jackson seeks relief against one person—Ashton Hughes, who rented the RV from her on RVshare.com. Denise Jackson does not attempt to state a claim against, or demand judgment against, anyone else. Although the unnumbered opening paragraph of the Counterclaim indicates that Denise Jackson is proceeding against "Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson" (*see id.* at 8), Denise Jackson only attempts to state claims against, and seek relief from, Ashton Hughes (*see id.* at 9-11).

Apart from the unnumbered opening paragraph, the only references to Joshua VanDusen, Shannon Helmers, or Charles Dodson in the Counterclaim are in relation to the injuries that they sustained and the claims that they asserted against Denise Jackson. (*Id.* at 9, ¶ 5, and 11, ¶¶ 20, 22.) Denise Jackson does not attempt to state a claim against them and does not request that the Court enter judgment against them. The only specific relief requested in the Counterclaim is that the Court enter judgment against Ashton Hughes. (*Id.* at 11.)

The Counterclaim is made up of three counts. The first two are based upon the rental agreement that Ashton Hughes entered into with Denise Jackson. (*See id.* at 10.) There is no allegation that Joshua VanDusen, Shannon Helmers, or Charles Dodson entered into (or breached) any contract with Denise Jackson. Again, the only allegation is that Ashton Hughes entered into (and breached) a contract with Denise Jackson. (*Id.* at 9, ¶ 1, and 10-11, ¶¶ 10-20.)

The third count is based upon negligence. (*See id.* at 11.) But these allegations relate only to the alleged negligence of Ashton Hughes. (*Id.* at 11, ¶¶ 22-23.) There is no allegation that Joshua VanDusen, Shannon Helmers, or Charles Dodson committed any negligence that would subject them to liability to Denise Jackson.

## LAW AND ARGUMENT

The Federal Rules of Civil Procedure require a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient under Rule 8. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As described above, Denise Jackson's Counterclaim does not even allege that much. She makes no allegations that could conceivably (much less plausibly) state a claim for relief against Joshua VanDusen, Shannon Helmers, and Charles Dodson, and she requests no relief against them. She does not allege that they entered into (or breached) a contract with her or that they committed negligence and caused her damage. As a result, Denise Jackson has failed to state a claim against them, and her claims against them should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons, Plaintiffs/Counter-Defendants Joshua VanDusen, Shannon Helmers, and Charles Dodson respectfully request that the Court dismiss all of Denise Jackson's claims against them with prejudice.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Benjamin C. Aaron
    Philip N. Elbert, No. 009430
    Jeffrey A. Zager, No. 032451
    Benjamin C. Aaron, No. 034118
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com

*Counsel for Plaintiffs/Counter-Defendants*

## CERTIFICATION

I, counsel for Plaintiffs/Counter-Defendants Joshua VanDusen, Shannon Helmers, and Charles Dodson, hereby certify that I conferred with counsel for Defendant/Counter-Plaintiff Denise Jackson on September 17, 2019, and that at this time we have been unable to agree that the pleading is curable by a permissible amendment.

    /s/ Benjamin C. Aaron

6

Case 4:19-cv-00028-CLC-SKL   Document 36   Filed 09/17/19   Page 6 of 7   PageID #: 187

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 17th day of September, 2019.

Gerard M. Siciliano, Esq.
Calli C. Kovalic, Esq.
LUTHER-ANDERSON, PLLP
100 W. MLK Blvd. Suite 700
Chattanooga, TN  37401-0151

*Counsel for Defendants RVshare, LLC
and Denise Jackson*

                                                        /s/ Benjamin C. Aaron

7

Case 4:19-cv-00028-CLC-SKL   Document 36   Filed 09/17/19   Page 7 of 7   PageID #: 188