IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| ASHTON HUGHES,<br>JOSHUA VANDUSEN,<br>SHANNON HELMERS, and<br>CHARLES DODSON, | )<br>)<br>)<br>) | |
| | ) | Case No. 4:19-cv-00028-CLC-SKL |
| Plaintiffs, | )<br>) | JURY DEMAND |
| v. | )<br>) | |
| | ) | JUDGE COLLIER |
| DENISE JACKSON and<br>RVSHARE, LLC, | )<br>) | MAGISTRATE JUDGE LEE |
| Defendants. | )<br>)<br>) | |
| DENISE JACKSON, | )<br>) | |
| Counter-Plaintiff, | )<br>) | |
| v. | )<br>) | |
| ASHTON HUGHES,<br>JOSHUA VANDUSEN,<br>SHANNON HELMERS, and<br>CHARLES DODSON, | )<br>)<br>)<br>) | |
| Counter-Defendants. | )<br>) | |

**PLAINTIFF/COUNTER-DEFENDANT ASHTON HUGHES'S
ANSWER TO COUNTERCLAIM**

Plaintiff/Counter-Defendant Ashton Hughes respectfully submits this Answer to Denise Jackson's Counterclaim (D.E. 22).

**RESPONSES TO NUMBERED ALLEGATIONS**

1. The allegations in Paragraph 1 of the Counterclaim are admitted.

2. The allegations in Paragraph 2 of the Counterclaim are admitted.

3. The allegations in Paragraph 3 of the Counterclaim are admitted.

1

4. The allegations in Paragraph 4 and subparagraphs (a) and (b) of the Counterclaim are denied.

5. The allegations in the first sentence of Paragraph 5 of the Counterclaim are admitted. The allegations in the second sentence of Paragraph 5 of the Counterclaim are admitted, but any allegation that Ms. Hughes, Joshua VanDusen, Shannon Helmers, or Charles Dodson caused damage to the RV is denied.

6. In response to the allegations in Paragraph 6 of the Counterclaim, Ashton Hughes admits that the Agreement states: "You are responsible for all damage to or loss or theft of the Vehicle, including damage caused by weather, acts of god or terrain conditions." (Agreement at 3, ¶ 4.) But the Agreement further states: "We [Denise Jackson] agree to properly maintain the vehicle; damage as a result of our lack of proper maintenance, or from mechanical or electrical failure not as a result of your negligence or improper use, is our responsibility." (*Id.*) Ms. Hughes denies that the RV was damaged during her rental, and she denies that she is liable to Denise Jackson under the Agreement.

7. In response to the allegations in Paragraph 7 of the Counterclaim, Ms. Hughes admits that the Agreement states: "You must return the vehicle . . . in the same condition that you received it except for ordinary wear." (Agreement at 3, ¶ 3.) Ms. Hughes also admits that the Agreement states: "Your responsibility will include: (a) all physical damage to the Vehicle measured as follows: . . . (ii) if we determine that the Vehicle is repairable, the reasonable estimated retail value or actual cost of repair; (b) towing, storage, and impound charges and other reasonable incidental and consequential damages; and (c) all costs associated with our and/or RVshare's enforcement of this Agreement or collection of Charges, including attorneys' fees, collection fees, and costs whether or not litigation is commenced." (Agreement at 3, ¶ 4.) But the Agreement

further states: "We [Denise Jackson] agree to properly maintain the vehicle; damage as a result of our lack of proper maintenance, or from mechanical or electrical failure not as a result of your negligence or improper use, is our responsibility." (*Id.*) Ms. Hughes denies that the RV was damaged during her rental, and she denies that she is liable to Denise Jackson under the Agreement.

8. In response to the allegations in Paragraph 8 of the Counterclaim, Ms. Hughes admits that the Agreement states: "You agree to indemnify us and RVshare, defend us and RVshare, and hold us and RVshare harmless from all claims, liability, costs and attorneys' fees we incur resulting from, or arising out of: this rental, your use of the Vehicle, our repossession of it, or any unsafe fueling practices by you." (Agreement at 3, ¶ 2.) But Ms. Hughes denies that she is liable to Denise Jackson under the agreement, and she denies that she must indemnify Denise Jackson or RVshare, LLC, for Denise Jackson's or RVshare, LLC's own negligence.

9. Ms. Hughes incorporates all other terms and conditions in the Agreement.

## Count I – Breach of Contract

10. Ms. Hughes incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

11. The allegations in Paragraph 11 of the Counterclaim are denied.

12. The allegations in Paragraph 12 of the Counterclaim are denied.

13. The allegations in Paragraph 13 of the Counterclaim are denied.

14. The allegations in Paragraph 14 of the Counterclaim are denied.

## Count II – Breach of Express Indemnification

15. Ms. Hughes incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

16. The allegations in Paragraph 16 of the Counterclaim are denied.

17. The allegations in Paragraph 17 of the Counterclaim are denied.

18. The allegations in Paragraph 18 of the Counterclaim are denied. Ms. Hughes incorporates by reference her response to Paragraph 8 of the Counterclaim.

19. The allegations in Paragraph 19 of the Counterclaim are denied. Ms. Hughes incorporates by reference her response to Paragraph 8 of the Counterclaim.

20. The allegations in Paragraph 20 of the Counterclaim are denied. Ms. Hughes incorporates by reference her response to Paragraph 8 of the Counterclaim.

## Count III – Negligence

21. Ms. Hughes incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

22. The allegations in Paragraph 22 of the Counterclaim are denied.

23. The allegations in Paragraph 23 of the Counterclaim are denied.

## DENIAL OF ALL REMAINING ALLEGATIONS

24. Except as expressly or unequivocally admitted above, all allegations of the Counterclaim are denied. Ms. Hughes further denies that Denise Jackson is lawfully entitled to any recovery from or other relief requested against Ms. Hughes in this matter.

## ADDITIONAL DEFENSES

1. The Counterclaim fails, in whole or in part, to state a claim against Ms. Hughes upon which relief can be granted.

2. The indemnification provision in the Agreement does not expressly state that Ms. Hughes must indemnify Denise Jackson for Denise Jackson's own negligence, and Ms. Hughes is not obligated to indemnify Denise Jackson for Denise Jackson's own negligence or RVshare, LLC, for RVshare, LLC's own negligence.

3. Ms. Hughes acted reasonably at all times during the rental period. The negligent and reckless acts and omissions of Denise Jackson and RVshare, LLC, as detailed in the Amended Complaint, were the proximate cause of Plaintiffs' injuries and damages.

4. Denise Jackson's claims are barred in whole or in part by the doctrine of unclean hands.

5. Denise Jackson committed the first uncured material breach of the Agreement. Without limitation, Denise Jackson agreed to "properly maintain the Vehicle" (Agreement at 3, ¶ 4), but the RV was not properly maintained and was in an unreasonably dangerous condition at the time she rented the RV to Ms. Hughes.

## JURY DEMAND

Ms. Hughes demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Hughes respectfully requests that all claims against her be dismissed with prejudice, that she be awarded the costs of this matter, including discretionary costs, and that the Court grant her such additional relief to which she may be entitled.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Benjamin C. Aaron
   Philip N. Elbert, No. 009430
   Jeffrey A. Zager, No. 032451
   Benjamin C. Aaron, No. 034118
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 17th day of September, 2019.

Gerard M. Siciliano, Esq.
Calli C. Kovalic, Esq.
LUTHER-ANDERSON, PLLP
100 W. MLK Blvd. Suite 700
Chattanooga, TN  37401-0151

*Counsel for Defendants RVshare, LLC*
*and Denise Jackson*

        /s/ Benjamin C. Aaron