IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | |
|---|---|
| Ashton Hughes,<br>Joshua VanDusen,<br>Shannon Helmers, and<br>Charles Dodson,<br><br>    Plaintiffs,<br>v.<br><br>Denise Jackson and,<br>RVShare, LLC,<br><br>    Defendants. | Civil Action No. 4:19-cv-00028-CLC-SKL<br><br>Judge Curtis L. Collier<br>Magistrate Judge Susan K. Lee |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Defendant RVShare, LLC ("RVShare") and Defendant Denise Jackson ("Denise Jackson"), by and through counsel, submit their joint response *Defendants' Opposition to Plaintiffs' Motion to Strike*, and state as follows:

## INTRODUCTION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiffs have moved to strike the following two affirmative defense theories raised by Defendants: (1) laches or undue delay *and* (2) failure to name indispensable parties. Defendants hereby respectfully oppose Plaintiffs' Motion to Strike.

## FACTUAL BACKGROUND

For the purposes of this pleading, Defendants generally agree to the factual section set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Strike (Hereinafter "Plaintiffs' Memorandum"). Essentially, Plaintiffs suffered injuries from carbon monoxide

1

poisoning while staying in an RV at Bonnaroo Music Festival, and the RV was rented by Plaintiff Ashton Hughes through RVShare.com and owned by Defendant Denise Jackson.[1]

## STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case.[2] The decision to grant or deny a motion to strike is within the sound discretion of the district court.[3] Motions to strike affirmative defenses are disfavored and are not frequently granted.[4] A motion to strike should be granted only when "the pleading to be stricken has no possible relation to the controversy" and their presence in the pleading throughout the proceeding will be prejudicial to the moving party.[5] It is a drastic remedy to be resorted to only when required for the purposes of justice."[6]

---

[1] *See* Plaintiffs' Memorandum, 1-2
[2] *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).
[3] *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 846 (6th Cir. 2011); *United States v. Ables,* No. 1:18-cv-01249-JDB-jay, 2019 WL 4197609, at *2 (W.D. Tenn. September 4, 2019).
[4] *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Fitzgerald Truck Parts and Sales, LLC v. United States,* No. 2:19-cv-00008, 2019 WL 3161842, at *6 (M.D. Tenn. July 15, 2019).
[5] *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown*, 201 F.2d at 822); *Parlak v. U.S. Immigration & Customs Enf't,* No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006); *Equal Employment Opportunity Comm'n. v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D.Tenn.2009).
[6] *Brown*, 201 F.2d at 821-822.

# LAW AND ARGUMENT

I. <u>Affirmative Defense of Doctrine of Laches or Undue Delay</u>

    a. <u>RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense</u>

RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense[7] reads as follows:

> "Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted Defendant's ability to defend this lawsuit and impeded Defendant's access to witnesses and physical evidence."

    b. <u>RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense are not barred by law as it is the doctrine of laches and it has been sufficiently pled.</u>

*First,* Plaintiffs' Memorandum claims there is no basis for the defense in law, but this claim is false.[8] Defendants agree with Plaintiffs that their claims are not barred by the applicable statute of limitation, but this does not preclude the affirmative defense of laches as those are two entirely different affirmative defenses.[9] The affirmative defense quoted above is doctrine of laches or undue delay. The doctrine is premised upon the desire to avoid unfairness that can result from the prosecution of stale claims.[10]

Typically, where a defendant has recourse to a statute of limitations, the Sixth Circuit has held that, if the "statute of limitations has not elapsed, there is a strong presumption that plaintiff's delay in bringing the suit ... is reasonable."[11] That is, "[o]nly rarely should laches bar a case before the ... statute has run."[12] Regardless of the likelihood of the success of said defense, it is an affirmative defense which is applicable in this case.

---

[7] For ease, when quoting the affirmative defense, this memorandum will simply use the word "Defendant" rather than list each individual name.
[8] *See* Plaintiffs' Memorandum 5.
[9] *Id.*
[10] *Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227, 231 (6th Cir.2007)
[11] *Tandy Corp. v. Malone & Hyde, Inc.,* 769 F.2d 363, 366 (6th Cir.1985).
[12] *Id.* at 366

3

*Second*, the affirmative defense is sufficiently pled under the law. Under the current Sixth Circuit approach, "an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense."[13] All that is required to defeat a motion to strike the affirmative defense is "fair notice."[14] Clearly, Plaintiffs have been put on notice of the defense.

    c. <u>RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense are not barred by a lack of factual basis as they are pleaded in general terms which are sufficient pursuant to the law.</u>

Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Strike (Hereinafter "Plaintiffs' Memorandum") claims there is no factual basis provided for the defense, but this claim is false.[15] The affirmative defense is sufficiently pled under the law. Under the current Sixth Circuit approach, "an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense."[16] All that is required to defeat a motion to strike the affirmative defense is "fair notice."[17] Clearly, Plaintiffs have been put on notice of the defense.

    d. <u>Conclusion</u>

RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense give fair notice of their defenses of laches. No more is required at this state. Plaintiffs' motion to strike said affirmative defenses should be denied.

---

[13] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).
[14] *See Willis v. Phillips*, 1:18-cv-142, 2018 WL 5983562, at *2-3 (E.D. Tenn. Nov. 14, 2018); *See also Beyer v. Faris Props*., LLC, No. 3:18-CV-139-JRG-DCP, 2018 WL 7824534, at *2-3 (E.D. Tenn. Oct. 22, 2018); *see also Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *4 (E.D. Tenn. July 25, 2011).
[15] *See* Plaintiffs' Memorandum 5-6.
[16] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).
[17] *See Willis v. Phillips*, 1:18-cv-142, 2018 WL 5983562, at *2-3 (E.D. Tenn. Nov. 14, 2018); *See also Beyer v. Faris Props*., LLC, No. 3:18-CV-139-JRG-DCP, 2018 WL 7824534, at *2-3 (E.D. Tenn. Oct. 22, 2018); *see also Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *4 (E.D. Tenn. July 25, 2011).

II. Affirmative Defense of Failure to Name Indispensable Parties

    a. <u>RVShare's twenty-fourth affirmative defense and Denise Jackson's fifteenth, nineteenth, and twentieth affirmative defenses</u>

As acknowledged in Plaintiffs' Memorandum, [18]although the enumerated affirmative defenses have slightly different phrasing, they all assert affirmative defenses of failure to name indispensable parties. In Plaintiffs' Memorandum, they claim RVShare's twenty-fourth affirmative defense does not identify any alleged indispensable party, and it should be stricken. Simultaneously, they acknowledge Denise Jackson's affirmative defenses name various entities such as the designer, manufacturer, or dealer of the RV or the promoters, organizers, and property owners associated with the Bonnaroo and Arts Festival.

    b. <u>Denise Jackson's affirmative defenses of failure to name indispensable parties should not be stricken as they are sufficiently pled and have put Plaintiffs on notice of said defenses.</u>

*First,* looking at Denise Jackson's affirmative defenses, the affirmative defenses are sufficiently pled as they provide notice to Plaintiffs. Under the current Sixth Circuit approach, "an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense."[19] Denise Jackson's affirmative defenses specifically name the parties who are indispensable are persons who designed, manufactured, distributed, or sold the recreational vehicle *and* the promotors and organizers or any property owners of the 2018 Bonnaroo Festival. Thus, Denise Jackson clearly has provided notice to Plaintiffs regarding the identity of the alleged indispensable parties. Discovery has not been conducted, so it is not possible for Denise Jackson to know any of the above-listed persons or entities names.

---

[18] *See* Plaintiffs' Memorandum 6.
[19] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

*Second,* Denise Jackson's affirmative defenses specifically detail the inclusion of persons who designed, manufactured, distributed, or sold the recreational vehicle who may have caused or contributed to Plaintiffs' damages. Likewise, Denise Jackson's affirmative defenses detail the promotors and organizers or any property owners of the 2018 Bonnaroo Festival should be brought in as they may be responsible for uneven terrain that may have caused damages to the exhaust pipe. Thus, Denise Jackson clearly asserts the reasons and basis as to why the persons or entities are indispensable.

*Finally,* Denise Jackson has sufficiently pled the affirmative defense under the law. Under the current Sixth Circuit approach, "an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense."[20] The affirmative defense does not have to be pled with such particularity as Plaintiffs claim. Plaintiffs have been put on notice of the defense, and nothing further is required at this stage. As such, Plaintiffs' motion to strike such affirmative defenses raised by Defendant Denise Jackson should be denied.

    c. <u>RVShare's affirmative defenses of failure to name indispensable parties do not identify parties, but the affirmative defense does not prejudice Plaintiffs in anyway.</u>

Defendant RVShare agrees its twenty-fourth affirmative defense is not as detailed as Defendant Denise Jackson's affirmative defenses regarding failure to name indispensable parties, but nonetheless, the affirmative defense does not prejudice Plaintiffs and their presence will not be prejudicial throughout the pleading. As detailed above, Defendant Denise Jackson did sufficiently plead the affirmative defense, so another Defendant in the case already has put

---

[20] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

Plaintiffs on notice in its pleading. Thus, there is not anything prejudicial with Defendant RVShare having reference to Plaintiffs failing to name an indispensable party.

Nonetheless, if this Court decides to grant Plaintiffs' motion to strike the affirmative defense of failure to name indispensable parties, Defendant RVShare would ask it be permitted to amend its *Answer to Plaintiffs' First Amended Complaint* to incorporate the same details regarding failure to include an indispensable party that Defendant Denise Jackson has in its answer. Plaintiffs have already been put on notice of all those defenses and such amendment would not prejudice Plaintiffs.

CONCLUSION

For all the reasons stated herein, the affirmative defense of laches or undue delay has been sufficiently pled by both Defendants. Defendant RVShare's seventeenth affirmative defense and Denise Jackson's eleventh affirmative defense give fair notice of their defenses of laches. No more is required at this stage. Plaintiffs' motion to strike said affirmative defenses should be denied. In the alternative, Defendants request leave to amend their answer.

For all the reasons stated herein, the affirmative defense of failure to name indispensable parties has been sufficiently pled by both Defendants. In terms of Defendant Denise Jackson, her fifteenth, nineteenth, and twentieth affirmative defenses are sufficiently pled to give faire notice of the defenses of failure to name indispensable parties. No more is required at this stage. Plaintiffs' motion to strike said affirmative defenses should be denied. In the alternative, Defendant Denise Jackson requests leave to amend her answer.

In terms of Defendant RV Share's affirmative defense of failure to name indispensable party, Defendant RVShare's twenty-fourth affirmative defense does not include as many details as Defendant Denise Jackson's affirmative defenses, but its presence does not prejudice Plaintiffs in

7

anyway. As such, Plaintiffs' motion to strike said affirmative defense should be denied. In the alternative, Defendant RVShare requests leave to amend its answer.

Respectfully submitted,

**LUTHER-ANDERSON, PLLP**

By: /s/ Calli C. Kovalic
**GERARD M. SICILIANO, BPR # 9647**
**CALLI KOVALIC, BPR #034876,** *pro hac vice*
*Counsel for RVShare, LLC and Denise Jackson*
100 W. MLK Blvd Suite 700
Chattanooga, TN 37401-0151
(423) 756-5034

# CERTIFICATE OF SERVICE

    I hereby certify that on the 19th day of September 2019 I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of filing to the following:

Philip N. Elbert, Esq.
Jeffrey A. Zager, Esq.
Benjamin C. Aaron, Esq.
NEAL & HARWELL, PLC
1201 Demonbren Street, Suite 1000
Nashville, TN 37203

This 25th day of September 2019.

The foregoing document was served via U.S. Mail upon the following:

Herbert H. Slatery III
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

This 25th day of September 2019.

**LUTHER-ANDERSON, PLLP**

By:   /S/ Calli C. Kovalic
      **CALLI KOVALIC, BPR #034876,** *pro hac vice*