IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, | Case No. 4:19-cv-00028-CLC-SKL |
| Plaintiffs, | JURY DEMAND |
| v. | |
| DENISE JACKSON and RVSHARE, LLC, | JUDGE COLLIER MAGISTRATE JUDGE LEE |
| Defendants. | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE

Defendants' attempt to reframe their seventeenth/eleventh affirmative defense as asserting the doctrine of laches does not cure the legal insufficiency of the defense. Setting aside the inappropriate and impertinent nature of the allegations contained therein, the Sixth Circuit "recognize[s] a strong presumption against asserting a laches defense to shorten a statute of limitations." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015). Indeed, as the Eastern District of Michigan recently explained:

> Recently, the Supreme Court held that, where Congress has established a statute of limitations (such as the three-year limitations period in the Copyright Act), laches may not be invoked to bar damages relief if the action was brought within the limitations period." *Ibid.* (citing *Petrella v. Metro–Goldwyn–Mayer, Inc.*, —— U.S. ——, 134 S.Ct. 1962, 1972–74, 188 L.Ed.2d 979 (2014)). "Laches, the Court explained, 'is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation.' " *Ibid.* (quoting *Petrella*, 134 S.Ct. at 1973).
>
> Defendant Trott has made no effort to establish either that the plaintiffs indulged in "inexcusable delay" in filing their complaint, or that he was in any way "prejudiced" by any such supposed delay. He offers nothing to rebut the strong presumption that prevails in this circuit "against asserting a laches

> defense to shorten a statute of limitations," and he has made no effort to explain how this case is one of those rare cases in which "a laches defense bar[s] relief before the applicable statute of limitations has run." *Operating Engineers*, 783 F.3d at 1054.
>
> . . . .
>
> In this case, the complaint was filed well within the applicable statutory limitations period, and the defendant has not pointed to any information in the record—or any evidence that reasonably could be expected to result from development of it—to sustain his position that the doctrine of laches could have any conceivable application to any claims in the case.

*Martin v. Trott Law, P.C.*, 265 F. Supp.3d 731, 741-42 (E.D. Mich. 2017).

Or, as the Sixth Circuit succinctly held in *G & W Const. Co.*, "[b]ecause laches within the term of the statute of limitations is no defense at law to claims for monetary damages, the laches defense raised by G & W Construction and Nollar is insufficient as a matter of law under Rule 12(f)." 783 F.3d at 1055 (internal citation omitted).

Here, it is undisputed that Plaintiffs' lawsuit – which seeks monetary damages for negligence, recklessness, and violations of the Tennessee Consumer Protection Act (not claims for equitable relief) – was filed timely within the applicable statutes of limitations. *See* Defendants' Response, at 3. And, Defendants offer nothing, aside from the threadbare allegation that Plaintiffs have "waited an unreasonably long time to assert their claims" and have "impeded Defendant's access to witnesses and physical evidence" (which Plaintiffs submit is, itself, inappropriately impertinent), to either rebut the strong presumption that prevails in this Circuit against asserting a laches defense to shorten a statute of limitations or to explain how this case is one of those rare cases in which a laches defense bars relief before the applicable statute of limitations has run. As such, even if the Court were to consider Defendants' seventeenth/eleventh affirmative defenses as attempting to assert the doctrine of laches, and even if the Court were to disregard the impertinent nature of Defendants' threadbare and baseless allegations contained therein, the defense remains

2

legally insufficient, as an impermissible attempt to shorten the statute of limitations, and should be stricken.

And, regarding Defendants RVshare's twenty-fourth affirmative defense and Defendant Jackson's fifteenth, nineteenth, and twentieth affirmative defenses (seeking dismissal of Plaintiffs' lawsuit for failure to name indispensable parties), Defendants appear to contend that their affirmative defenses are sufficient because they identify persons "who may have caused or contributed to Plaintiffs' damages." *See* Defendants' Response, at 6. Yet, this argument incorrectly conflates a joint tortfeasor with an indispensable party. As discussed in Plaintiffs' Memorandum of Law, "a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party…" *PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 204 (6th Cir.2001). Thus, "[t]he mere fact that a defendant points to the liability of another person does not render that other person indispensable to the litigation. Even joint tortfeasors are not necessary, let alone indispensable, parties within the meaning of Fed. R. Civ. P. 19(a)." *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013).

Simply identifying potential joint tortfeasors who may have caused or contributed to Plaintiffs' damages, without more, cannot suffice to render those individuals/entities as indispensable parties under Rule 19. As such, these affirmative defenses are legally insufficient. And, Defendants' emphasis on providing "fair notice" to Plaintiffs is of no import, as the affirmative defenses, themselves, are legally insufficient – irrespective of any perceived notice to Plaintiffs.

Accordingly, Plaintiffs respectfully request that the Court enter an Order granting their motion to strike and striking from Defendants' respective Answers the seventeenth and twenty-fourth affirmative defenses of RVshare, LLC and the eleventh, fifteenth, nineteenth, and twentieth

3

affirmative defenses of Denise Jackson. In addition, because each of the affirmative defenses at issue is legally insufficient, none can be cured through amendment. Thus, Plaintiffs respectfully submit that Defendants' alternative request to amend their Answers should, likewise, be denied.

>Respectfully submitted,
>
>**NEAL & HARWELL, PLC**
>
>By: /s/ Jeffrey A. Zager
>    Philip N. Elbert, No. 009430
>    Jeffrey A. Zager, No. 032451
>    Benjamin C. Aaron, No. 034118
>1201 Demonbreun Street, Suite 1000
>Nashville, TN 37203
>(615) 244-1713 – Telephone
>(615) 726-0573 – Facsimile
>pelbert@nealharwell.com
>jzager@nealharwell.com
>baaron@nealharwell.com
>
>*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 2nd day of October, 2019.

Gerard M. Siciliano, Esq.
LUTHER-ANDERSON, PLLP
100 W. MLK Blvd. Suite 700
Chattanooga, TN 37401-0151

*Counsel for Defendants RVshare, LLC and Denise Jackson*

/s/ Jeffrey A. Zager_____