IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| ASHTON HUGHES, <br> JOSHUA VANDUSEN, <br> SHANNON HELMERS, and <br> CHARLES DODSON, <br><br> Plaintiffs, <br><br> v. <br><br> DENISE JACKSON and <br> RVSHARE, LLC, <br><br> Defendants. | Case No. 4:19-cv-00028-CLC-SKL <br><br> JURY DEMAND <br><br> JUDGE COLLIER <br> MAGISTRATE JUDGE LEE |
| DENISE JACKSON, <br><br> Counter-Plaintiff, <br><br> v. <br><br> ASHTON HUGHES, <br><br> Counter-Defendant. | |

**JOINT RULE 26(f) DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26 and the Court's scheduling order, Plaintiffs, Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson, and Defendants, Denise Jackson and RVShare, LLC (collectively, the "Parties"), hereby submit their Joint Rule 26(f) Discovery Plan.

On October 30, 2019, counsel for the Parties participated in a telephonic discovery-planning meeting and discussed the following matters in accordance with Rule 26(f):

**A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Court's scheduling order provides deadlines for the disclosures required under Rule 26(a). At this time, the Parties do not believe that changes in the timing, form, or requirement for these disclosures are necessary. The Parties will exchange initial disclosures on December 5, 2019, in accordance with the Court's scheduling order.

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Without limitation, the Parties anticipate that they may need discovery on the following subjects: Ashton Hughes's rental of the RV; the condition of the RV when it was rented to Ashton Hughes; Denise Jackson and RVShare's knowledge of the RV's condition when it was rented to Ashton Hughes; whether Defendants made or permitted to be made any false statements regarding the condition of the RV, including whether the RV was properly maintained; RVShare's oversight, supervision, or approval of RV postings on its website; RVShare's policies and procedures regarding the inspection and oversight of RVs marketed on its website; whether RVShare inspected the RV rented to Ashton Hughes; the current condition of the RV; any maintenance performed on the RV; any repairs or alterations made to the RV; the injuries that Plaintiffs suffered in the RV incident, including any continuing effects that Plaintiffs are still suffering from; any medical care sought for the injuries and any future medical care that may be required; the impact of the injuries on Plaintiffs' wages and Plaintiffs' lives; and Plaintiffs' damages in general. The Parties will complete all discovery, including the taking of depositions "for evidence" and requests for admissions, by December 18, 2020, in accordance with the Court's scheduling order. At this

time, the Parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs anticipate requesting electronically stored information (including, but not limited to, Defendants' e-mail communications and other electronic documents relating to Plaintiffs' claims), but at this time, the Parties are unsure of the scope of electronically stored information that they may request in this matter. RVShare proposes to produce electronically stored information, including e-mails, in Portable Document Format (PDF); Plaintiffs do not agree to this proposal. Although the Parties believe that they can work together to agree on an ESI protocol, Plaintiffs specifically reserve the right to request, from either Defendant, native formats of all electronically stored information, plus any metadata, file-path information, etc., and Plaintiffs request that both Defendants preserve their electronically stored information accordingly. The Parties will meet and confer as necessary as they begin discovery and better understand the scope of electronically stored information that they may request.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties agree that they do not intend for production of privileged or protected trial-preparation materials to waive any privilege or protection. The Parties will ask the Court to include their agreement in an order under Federal Rule of Evidence 502(d).

E.  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the Parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules and do not believe that any other limitations should be imposed.

F.  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Court has already issued a scheduling order under Rule 16(b). At this time, the Parties do not believe that any orders under Rule 26(c) or under Rule 16(b) and (c) are necessary.

Dated: November 13, 2019.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Benjamin C. Aaron
    Philip N. Elbert, No. 009430
    Jeffrey A. Zager, No. 032451
    Benjamin C. Aaron, No. 034118
1201 Demonbreun Street, Suite 1000
Nashville, TN  37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com

*Counsel for Plaintiffs*

**LUTHER-ANDERSON, PLLP**

By: /s/ Gerard M. Siciliano (with permission)
**GERARD M. SICILIANO, BPR # 9647**
**ALAN C. BLOUNT, BPR # 035048**
100 W. Martin Luther King Blvd Ste 700
P. O. Box 151
Chattanooga, TN 37401-0151
(423) 756-5034

*Attorneys for Denise Jackson*

**COPELAND, STAIR, KINGMA & LOVELL, LLP**

　/s/ G. Graham Thompson (with permission)
ANGELA CIRINA KOPET, BPR 017921
G. GRAHAM THOMPSON, BPR 034467
920 McCallie Avenue
Chattanooga, TN 37403
Phone: 423-777-4693
Fax: 423-648-2283

*Counsel for RVShare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 13th day of November, 2019.

| Gerard M. Siciliano, Esq. | Angela Cirina Kopet, Esq. |
| Alan C. Blount, Esq. | G. Graham Thompson, Esq. |
| LUTHER-ANDERSON, PLLP | COPELAND, STAIR, KINGMA & LOVELL, LLP |
| 100 W. MLK Blvd. Suite 700 | 920 McCallie Avenue |
| Chattanooga, TN 37401-0151 | Chattanooga, TN 37403 |
| *Counsel for Defendant Denise Jackson* | *Counsel for Defendant RVShare, LLC* |

　　/s/ Benjamin C. Aaron