IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | | |
|---|---|---|
| Ashton Hughes,<br>Joshua VanDusen,<br>Shannon Helmers, and<br>Charles Dodson, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | No. 4:19-CV-00028-CLC-SKL |
| v. | )<br>) | JURY DEMAND |
| Denise Jackson and,<br>RVShare, LLC., | )<br>)<br>) | |
| Defendants. | )<br>) | |

## DEFENDANT DENISE JACKSON'S ASSERTION OF COMPARATIVE FAULT

Pursuant to Scheduling Order, paragraph 6a, entered October 21, 2019, comes Defendant Denise Jackson ("Jackson"), by and through counsel, and supplements her pleadings as follows:

Jackson adopts and incorporates by reference, pursuant to F.R.C.P. Rule 10(c), earlier responses and Answer filed on her behalf on or about July 12, 2019. Jackson asserts the parties had joint inspection, with experts, of the RV on or about December 13, 2019. After inspection of the RV, Jackson specifically asserts comparative fault against each of the Plaintiffs, jointly and severally, for causing and contributing to their own injuries and damages. In particular, Jackson asserts the following:

1. The injuries and damages that Plaintiffs allege were caused by one or more of the Plaintiffs acting jointly or severally, when Jackson's RV and carbon monoxide exhaust system was damaged during improper use, while under Plaintiffs' exclusive control and possession.

2. Plaintiffs acted with unclean hands in that they caused damage and/or misused the RV and mechanical parts therein during their exclusive usage and possession.

3. Plaintiffs failed to mitigate their damages upon continued usage of the RV and generator after they knew, or should have known, of defects and dangers with the generator and/or exhaust system.

1

4. One or more of the Plaintiffs tampered with the carbon monoxide detector which was intended to warn them of dangerous conditions.

5. Jackson further asserts that the promotors and organizers of the 2018 Bonnaroo Festival, that may have caused damage to the RV, exhaust pipes, should also share in comparative fault. It is asserted that the promoters and owners of the property knew or should have known that the property was uneven and not safe for RV road vehicles to travel and traverse without causing damage to the undercarriage and/or exhaust pipes below the vehicles.

6. Plaintiffs are each barred from recovery because of their comparative faults, jointly and severally, which was more than 50% of proximate and legal cause of their respective damages. In the alternative, if only one of the Plaintiffs was at fault for the damages to the RV and generator, then that person should be apportioned fault and damages for the injuries suffered by the other Plaintiffs.

7. Jackson reserves the right to further supplement her answer as to additional persons or entities that should be apportioned comparative fault after discovery and depositions are completed.

Respectfully submitted,

LUTHER-ANDERSON, PLLP
By: /s/ Gerard M. Siciliano
    GERARD M. SICILIANO, BPR #9647
    *Attorney for Denise Jackson*
    100 W. Martin Luther King Blvd Ste 700
    Chattanooga, TN 37402
    (423) 756-5034

2

Case 4:19-cv-00028-CLC-SKL   Document 51   Filed 01/31/20   Page 2 of 3   PageID #: 240

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of filing to the following:

Philip N. Elbert, Esq.
Jeffrey A. Zager, Esq.
Benjamin C. Aaron, Esq.
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203

Angela Cirina Kopet
G. Graham Thompson
Copeland, Stair, Kingma & Lovell, LLP
735 Broad Street Ste 1204
Chattanooga, TN 37402

This 31st day of January, 2020.

The foregoing document was served via U.S. Mail upon the following:

Herbert H. Slatery III
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

This 31st day of January, 2020.

**LUTHER-ANDERSON, PLLP**

By: ___/s/ Gerard M. Siciliano___
     **GERARD M. SICILIANO**