IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, | ) ) ) ) Case No. 4:19-cv-00028-CLC-SKL |
| Plaintiffs, | ) JURY DEMAND |
| v. | ) ) JUDGE COLLIER |
| DENISE JACKSON and RVSHARE, LLC, | ) MAGISTRATE JUDGE LEE |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion to Strike. For the reasons stated herein, Defendants have not only failed to properly plead their affirmative defenses in this case, but their attempts to assert comparative fault "jointly and severally" against Plaintiffs are insufficient and should be stricken.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2019, Plaintiffs Ashton Hughes, Joshua Vandusen, Shannon Helmers, and Charles Dodson (collectively, "Plaintiffs") filed this action against Defendants RVshare, LLC ("RVshare") and Denise Jackson to hold Defendants accountable for the unreasonably poor maintenance, dangerous modification, and unsafe condition of a recreational vehicle ("RV") rented by Plaintiffs from Defendants that caused Plaintiffs to suffer life-threatening carbon monoxide poisoning. On July 24, 2019, Plaintiffs filed an Amended Complaint (D.E. 25), that is the operative Complaint in this action.

Pursuant to the Court's Scheduling Order (D.E. 47), Defendants were to assert any comparative fault allegations by January 31, 2020. Rather than seeking to amend their previous Answers to include new or additional affirmative defenses, on January 31, 2020, Defendant Jackson filed an "Assertion of Comparative Fault" (D.E. 51) and Defendant RVshare, LLC filed a "Notice of Comparative Fault Allegations" (D.E. 52). These filings list various affirmative defenses that Defendants now wish to assert, including an affirmative defense of comparative fault against each Plaintiff, "jointly and severally," for causing or contributing to their own injuries. *See* D.E. 51 at 1 and D.E. 52 at 1. Specifically, Defendant RVshare seeks to include the following affirmative defense:

> 3. The Plaintiffs are barred from recovery because of their comparative fault, jointly and severally, which was more than 50% of the proximate and legal cause of their injuries and damages . . .

(D.E. 52.)

Similarly, Defendant Jackson seeks to include the following affirmative defenses:

> 1. The injuries and damages that Plaintiffs allege were caused by one or more of the Plaintiffs acting jointly or severally, when Jackson's RV and carbon monoxide exhaust system was damaged during improper use, while under Plaintiffs' exclusive control and possession.
>
> . . . .
>
> 6. Plaintiffs are each barred from recovery because of their comparative faults, jointly and severally, which was more than 50% of proximate and legal cause of their respective damages . . .

(D.E. 51.)

Although the Defendants' original Answers to Plaintiffs' Amended Complaint asserted comparative fault as an affirmative defense, they did so in the broadest of terms and without any specific factual basis. *See* D.E. 30 at Affirmative Defense No. 18 and D.E. 31 at Affirmative Defense No. 22. Importantly, however, neither Answer sought to compare fault of the Plaintiffs

"jointly and severally." That assertion appears for the first time in D.E. 51 and D.E. 52. To date, neither Defendant has sought leave to amend its Answer, nor has any Defendant filed an Amended Answer asserting any of the affirmative defenses raised in D.E. 51 or D.E. 52.

## LAW AND ARGUMENT

As an initial matter, by failing to file an Amended Answer, Defendants have failed to properly assert their new/additional comparative fault allegations contained in D.E. 51 and D.E. 52. Defendants appear to rely upon Fed. R. Civ. P. 10(c) to adopt and incorporate by reference their previous Answers and thus, presumably, obviate the need to file an Amended Answer. That is not a proper application of Rule 10(c). Rule 10(c) governs the form of *pleadings.* Rule 7(a) makes clear that, although an actual Answer is a pleading, neither the "Assertion of Comparative Fault" (D.E. 51) nor the "Notice of Comparative Fault Allegations" (D.E. 52) filed by Defendants in this case is a "pleading" under the Rules of Civil Procedure. Moreover, although Rule 10(c) does provide that a "statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," it does not allow Defendants to forego filing an Amended Answer altogether.

If Defendants wished to assert the affirmative defenses contained in D.E. 51 and D.E. 52, the appropriate course would have been to file a motion to amend their Answers and – should the motions be granted – file Amended Answers containing the revised affirmative defenses they now wish to assert. Defendants failed to do so and, for this reason alone, Defendants' attempt to assert comparative fault via D.E. 51 and D.E. 52 is insufficient and should not be considered part of Defendants' Answers in this case.

Regardless, even if the Court were to consider Defendants' "Assertion of Comparative Fault" and "Notice of Comparative Fault" as pleadings, and thus properly incorporated into their

3

previous Answers, Defendants' attempt to assert comparative fault "jointly and severally" against Plaintiffs should, nonetheless, be stricken as legally insufficient and impermissible.

Under Fed. R. Civ. P. 12(f), the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Federal Savings and Loan Ins. Copr. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988). Here, because Defendants' attempt to assert comparative fault "jointly and severally" against Plaintiffs is legally impermissible, it cannot succeed under any circumstance and must be stricken.

In *McIntyre v. Balentine*, the Tennessee Supreme Court abolished the doctrine of joint and several liability, holding it to be "obsolete" because it was inconsistent with the doctrine of comparative fault. 833 S.W.2d 52, 58 (Tenn. 1992); *see also* Tenn. Code Ann. § 29-11-107.[1] In so doing, the Court explained that the "the doctrine of comparative fault, which would more closely link liability and fault, could not be reconciled with joint and several liability which could fortuitously impose a degree of liability that is out of all proportion to fault." *Banks v. Elks Club Pride of Tennessee 1102*, 301 S.W.3d 214, 218 (Tenn. 2010) (quoting *McIntyre*, 833 S.W.2d at 58). Although this concept typically arises in connection with apportioning fault among multiple defendants, it is no less applicable when comparative fault is asserted against multiple plaintiffs.

By asserting comparative fault jointly and severally, Defendants seek to aggregate any and all fault attributed to each individual Plaintiff and then to use the aggregate percentage of fault to preclude any recovery by any Plaintiff if the aggregate fault totals more than 50 percent. For example, assume that the jury assigns fault as follows:

Plaintiff A: 20%

---

[1] Although Tenn. Code Ann. § 29-11-107 provides for two specific exceptions where joint and several liability remains in effect, neither applies in this case.

4

Plaintiff B: 20%

Plaintiff C: 20%

Defendant: 40%

Assuming further that none of the Plaintiffs have asserted cross-claims against each other, under the above scenario, each Plaintiff would be awarded 40% of the total damages assessed by the jury for his/her injuries because that is the amount of fault attributable to the Defendant. *See McIntyre*, 833 S.W.2d at 58 ("a particular defendant will henceforth be liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence."). Under Defendants' joint and several theory, however, the comparative fault of each Plaintiff would be aggregated to total 60% fault and, thus, preclude any recovery for any Plaintiff under the theory that Plaintiffs, globally (or, jointly and severally) are more than 50% at fault. That is not so.

Although the comparative fault of other Plaintiffs can reduce the *amount* of damages a Plaintiff actually receives, it cannot be combined (jointly and severally) to preclude recovery at all. The determination of liability must be on an individual basis for each Plaintiff.[2] Indeed, as the Tennessee Pattern Jury Instructions make clear, "[a] party claiming damages will be entitled to damages if *that party's fault* is less than 50% of the total fault in the case." T.P.I. – Civil 3.50 (emphasis added); *see also McIntyre*, 833 S.W.2d at 58 ("in cases of multiple tortfeasors, plaintiff will be entitled to recover so long as plaintiff's fault is less than the combined fault of all other tortfeasors.").

As such, Defendants' attempt to apportion comparative fault jointly and severally against all Plaintiffs is legally impermissible and cannot succeed under any circumstance. These affirmative defenses should, therefore, be stricken.

---

[2] This is obvious when multiple plaintiffs each file individual actions. The fact that multiple plaintiffs are joined as parties in one action has no effect on the analysis.

5

## CONCLUSION

Accordingly, because Defendants have failed to properly plead their new/additional affirmative defenses via an Amended Answer, each of the affirmative defenses contained in D.E. 51 and D.E. 52 should be stricken and not considered part of Defendants' Answers in this case. In the alternative, even if the Court considers the defenses raised in D.E. 51 and D.E. 52, the affirmative defenses seeking to apportion comparative fault jointly and severally against Plaintiffs (specifically, Affirmative Defense Nos. 1 and 6 in D.E. 51 and Affirmative Defense No. 3 in D.E. 52) should be stricken as insufficient.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Jeffrey A. Zager
    Philip N. Elbert, No. 009430
    Jeffrey A. Zager, No. 032451
    Benjamin C. Aaron, No. 034118
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by the Court's Electronic Filing System upon the following counsel of record on this 21st day of February, 2020.

| | |
|---|---|
| Gerard M. Siciliano, Esq. | Angela C. Kopet |
| LUTHER-ANDERSON, PLLP | G. Graham Thompson |
| 100 W. Martin Luther King Blvd. Suite 700 | COPELAND, STAIR, KINGMA & LOVELL, LLP |
| Chattanooga, TN 37402 | 735 Broad Street, Suite 1204 |
| *Counsel for Defendant Denise Jackson* | Chattanooga, TN 37402 |
| | *Counsel for Defendant RVshare, LLC* |

/s/ Jeffrey A. Zager_____