IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | |
|---|---|
| Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson, <br><br> Plaintiffs, <br> v. <br><br> Denise Jackson and, RVShare, LLC., <br><br> Defendants. | No. 4:19-CV-00028-CLC-SKL <br><br> JURY DEMAND |

## DENISE JACKSON'S REPLY TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW, Defendant Denise Jackson, by and through the undersigned counsel, and pursuant to Rule 7 of the *Federal Rules of Civil Procedure* and submits her response to Plaintiffs' Motion to Strike and in furtherance thereof would state as follows:

Defendant filed her Assertion of Comparative Fault on January 31, 2020 despite having already complied with the scheduling order by pleading the affirmative defense of comparative fault in its Answer to Plaintiffs' Amended Complaint (D.E. 25). Defendant's Assertion of Comparative Fault was merely a reiteration and clarification Defendant's affirmative defense of comparative fault and was it was not filed for the purpose of alleging additional comparative fault defenses or circumventing the need to amend Defendant's answer to Plaintiff's Amended Complaint.

Defendant's Assertion of Comparative Fault did in fact include language regarding "joint and several liability." Defendant would concede that The Tennessee Supreme Court rendered the

1

doctrine of joint and several liability "obsolete." *See McIntyre v. Balentine,* 833 S.W.2d 52 (1992). Defendant merely used "joint and several" language to elaborate on what had already been pleaded in her Answer, that the alleged injuries and damages alleged by the Plaintiffs were caused by at least one if not more than one of the Plaintiffs. Defendant further avers that the doctrine of comparative fault in Tennessee will allow a jury to properly apportion fault among the parties.

Thus, Denise Jackson has no opposition to this Court striking the "joint and several" language from her assertion of comparative fault. Defendant was not attempting to assert additional allegations of comparative fault by using this language which is why the Defendant did not seek leave amend her Answer.

Plaintiffs further argue that Defendant's original Answer "asserted comparative fault as an affirmative defense" and that Defendant "did so in the broadest of terms without any specific factual basis." However, Defendant's assertion of comparative fault, as pleaded in her Answer to the Amended Complaint, clearly meets the pleading standard for affirmative defenses in the Sixth Circuit.

Under the current Sixth Circuit approach, "'an affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense.'" *Doe No. 1 by & through Doe No. 2 v. Bojangles' Restaurants, Inc.,* No. 4:19-CV-26-TAV-SKL, 2019 WL 2251546, at *2 (E.D. Tenn. May 9, 2019), report and recommendation adopted sub nom. *Doe No. 1 v. Bojangles' Restaurants, Inc.,* No. 4:19-CV-26-TAV-SKL, 2019 WL 2250270 (E.D. Tenn. May 24, 2019).

In the Sixth Circuit, the "Twombly/Ashcroft plausibility standard does not apply to affirmative defenses and all that is required to defeat a motion to strike the affirmative defense is "fair notice." *See, e.g., Bailey v. Gibson Hotel Mgmt., Inc.,* No. 3:18-CV-167, 2018 WL 5815548,

at *4-5 (E.D. Tenn. Nov. 6, 2018) (Jordan, J.) (declining to strike affirmative defenses finding they gave fair notice of the nature of the defenses). As such, Defendant's affirmative defense gave Plaintiffs fair notice of the nature of its defense of comparative fault.

WHEREFORE, Defendant is not opposed to striking "joint and several" language from the assertion of comparative fault and further asserts that the affirmative defense of comparative fault, as pleaded in her Answer to Plaintiffs' Amended Complaint is legally sufficient.

Respectfully submitted,

**LUTHER-ANDERSON, PLLP**

By: /s/ *Gerard M. Siciliano*
**GERARD M. SICILIANO, BPR #9647**
*Attorney for Defendant, Denise Jackson*
100 W. MLK Blvd Suite 700
Chattanooga, TN 37401-0151
(423) 756-5034

3

## CERTIFICATE OF SERVICE

    This is to certify the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

    This 5th day of March, 2020.

                                   **LUTHER-ANDERSON, PLLP**

                            By: */s/ Gerard M. Siciliano*
                                  **GERARD M. SICILIANO, BPR #9647**