# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION

| | |
|---|---|
| **Ashton Hughes,** ) | |
| **Joshua VanDusen,** ) | |
| **Shannon Helmers, and** ) | |
| **Charles Dodson,** ) | |
| ) | |
| **Plaintiffs,** ) | No. 4:19-CV-00028-CLC-SKL |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **Denise Jackson and,** ) | |
| **RV Share, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## RVSHARE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW Defendant RVshare, LLC, by and through the undersigned counsel, and would hereby respond to Plaintiffs' Motion to Strike as follows:

RVshare's Answer to Plaintiffs' First Amended Complaint was filed on August 26, 2019. *See* D. E. 31. In that Answer, RVshare asserted that the doctrine of comparative fault would apply to this matter, and "affirmatively asserted that the actions, inaction, omissions and negligence, as proof may show, or Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that RVshare is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in Plaintiffs' Amended Complaint." D.E. 31 at 14.

Pursuant to the Scheduling Order in this matter, RVshare filed its Notice of Comparative Fault Allegations on January 31, 2020, expanding upon the comparative fault allegations contained in its Answer to the Amended Complaint as stated above. *See* D.E. 52. The Scheduling Order required as follows: "Defendants shall assert any comparative fault allegations by January 31, 2020." D.E. 47 at 3. As the scheduling order was entered after the Answer was filed on August 26,

2019, it seemed appropriate to reiterate the affirmative defenses previously asserted in the Answer five months earlier. The Notice was simply a clarification and expansion of the affirmative defense laid out in the Answer to the Amended Complaint previously filed by RVshare, and was not intended to assert new affirmative defenses raised against the Plaintiffs, or to serve as amending the Answer previously filed with regard to any affirmative defenses against the Plaintiffs.

By using the words' "jointly and severally" RVshare did not "seek to aggregate any and all fault attributed to each individual Plaintiff and then to use the aggregate percentage of fault to preclude any recovery by any Plaintiff if the aggregate fault totals more than 50 percent." D.E. 54 at 4. RVshare was merely seeking to elaborate on the comparative fault defense asserted in its Answer. Specifically, the Notice of Comparative Fault indicates that RVshare intends to assert that the Plaintiffs, through either their individual actions or collective actions—whether acting on their own or together—caused the injuries and damages that they allege. It is true that in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), the Tennessee Supreme Court determined that the doctrine of comparative fault had been rendered "obsolete" by the adoption of comparative fault. *McIntyre*, 833 S.W.2d at 58.

Next, Plaintiffs briefly stated, "Although the Defendants' original Answer to Plaintiffs' Amended Complaint asserted comparative fault as an affirmative defense, they did so in the broadest of terms and without any specific factual basis." D.E. 54 at 2. As Ms. Jackson indicated in her Response to Plaintiffs' Motion to Strike, in the Sixth Circuit, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 Fed.Appx. 442, 456 (6th Cir. 2006). "Because the applicable test does not require the district court to count the lines of text that an invoked defense uses and because the defendant's pleading gave Lawrence notice of the defense, the district court did not err in permitting the defendants to assert their affirmative defense in their answer." *Id.* Here, RVshare's answer gave ample notice to Plaintiffs that the doctrine of

comparative fault was being raised as an affirmative defense. Therefore, the Notice of Comparative Fault Allegations was unnecessary with regard to the comparative fault defense alleged against the Plaintiffs, and merely put Plaintiffs on notice of specific facts alleged by RVshare in support of the comparative fault defense.

WHEREFORE, RVshare does not oppose striking the phrase "jointly and severally" from its Notice of Comparative Fault Allegations if the Court finds it appropriate. As stated above, RVshare asserts that the affirmative defense of comparative fault as stated in its Answer to Plaintiffs' Amended Complaint is appropriately stated and legally sufficient.

Respectfully submitted this 12th day of March, 2020.

**COPELAND, STAIR, KINGMA & LOVELL, LLP**

*/s/ G. Graham Thompson*
ANGELA CIRINA KOPET, BPR 017921
G. GRAHAM THOMPSON, BPR 034467
735 Broad Street, Suite 1204
Chattanooga, TN 37402
Phone: 423-713-7075
Fax: 423-648-2283

### CERTIFICATE OF SERVICE

This is to certify the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

This 12th day of March, 2020,

**COPELAND, STAIR, KINGMA & LOVELL, LLP**

*/s/ G. Graham Thompson*