UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, ) <br> SHANNON HELMERS, and ) <br> CHARLES DODSON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DENISE JACKSON and RVSHARE, LLC, ) <br> ) <br>     Defendants. ) <br> _____) <br> ) <br> DENISE JACKSON, ) <br> ) <br>     Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASHTON HUGHES, ) <br> ) <br>     Counter-Defendant. ) | 4:19-CV-28 <br><br> Judge Curtis L. Collier <br><br> Magistrate Susan K. Lee |

## **MEMORANDUM & ORDER**

Before the Court is a motion by Plaintiffs to strike Defendants' January 31, 2020, filings (Docs. 51, 52) regarding their comparative fault allegations. (Doc. 53.) Defendants have responded. (Docs. 55, 56.) Plaintiffs' time to reply has expired. *See* E.D. Tenn. L.R. 7.1(a)(3).

The Amended Complaint alleges Plaintiffs were injured by carbon monoxide while using a recreational vehicle (the "RV") Plaintiff Ashton Hughes rented from Defendant Denise Jackson through Defendant RVshare, LLC ("RVshare"). (Doc. 25.) Jackson's answer asserts the following affirmative defense:

> Any damages suffered by Plaintiffs were caused entirely by Plaintiffs or by parties other than Jackson. Jackson asserts the doctrine of comparative fault pursuant to decisional law of the State of Tennessee and the provisions of Tenn. Code Ann. § 29-39-101, et seq. in every aspect of this litigation. It is affirmatively asserted that the actions, inaction, omissions and negligence, as the proof may show, of Plaintiffs were the sole, exclusive and proximate cause of any accident and resulting injuries that may be proven by the Plaintiffs. Accordingly, it is asserted that Jackson is without fault. Plaintiffs are 50% or more responsible for the occurrence of the injuries and damages alleged in Plaintiffs' Amended Complaint.

(Doc. 30 at 13 ¶ 18.) RVshare's answer asserted an almost identical defense. (Doc. 31 at 14 ¶ 22.)

The Court held a scheduling conference on October 17, 2019. (Doc. 46.) The parties discussed the need to inspect the RV so it could be returned to use, as well as the possibility that Defendants might want to assert additional comparative fault allegations after the inspection. The parties agreed to various deadlines, and the Court issued a Scheduling Order. (*See* Doc. 47.) The Scheduling Order required the parties to inspect the RV by December 17, 2019. (*Id.* ¶ 6(a).) Defendants were required to "assert any comparative fault allegations by January 31, 2020." (*Id.* (emphasis omitted).) The deadline for joinder of parties or a motion to amend the pleadings was February 28, 2020. (*Id.* ¶ 6(b).)

On January 31, 2020, Jackson filed an "Assertion of Comparative Fault" in which she "adopts and incorporates by reference, pursuant to F.R.C.P. Rule 10(c), earlier responses and Answer filed on her behalf"; reports that the joint inspection was held on December 13, 2019; and states that "Jackson specifically asserts comparative fault against each of the Plaintiffs, jointly and severally, for causing and contributing to their own injuries and damages." (Doc. 51.) Jackson goes on to make specific assertions that Plaintiffs' injuries were caused by one or more of Plaintiffs by improper use of the RV or the carbon monoxide system, or by tampering with the carbon monoxide detector. Jackson alleges "Plaintiffs are each barred from recovery because of their comparative faults, jointly and severally, which was more than 50% of proximate and legal cause

2

of their respective damages," and that if only one Plaintiff was at fault, that person should be apportioned fault and damages for the others' injuries.[1] (*Id.* ¶ 6.)

Also on January 31, 2020, RVshare filed a "Notice of Comparative Fault Allegations," in which it "assert[s] its comparative fault allegations by adopting and incorporating by reference the comparative fault allegations contained in its Answer." (Doc. 52 at 1.) RVshare adds specific allegations that the generator, the generator's exhaust system, the carbon monoxide detector, or other parts of the RV were damaged while in Plaintiffs' control. RVshare also includes substantially the same allegation as Jackson regarding Plaintiffs' joint and several comparative fault: "Plaintiffs are barred from recovery because of their comparative fault, jointly and severally, which was more than 50% of the proximate and legal cause of their injuries and damages," and that if only one Plaintiff was at fault, that person should be apportioned fault and damages for the others' injuries. (*Id.* ¶ 3.)

First, Plaintiffs argue that, at a minimum, Defendants' assertion of Plaintiffs' joint and several fault should be stricken as insufficient under Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 54 at 3–7.) As Plaintiffs point out, the Supreme Court of Tennessee rendered the doctrine of joint and several liability obsolete when it adopted the doctrine of modified comparative fault. *See McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992). Plaintiffs argue Defendants are improperly seeking to aggregate the fault allocated to any Plaintiffs to defeat all recovery by Plaintiffs if Plaintiffs' aggregated fault exceeds the fault of Defendants. (Doc. 54 at

---

[1] Jackson's answer also asserted an affirmative defense as to the comparative fault of "the promoters and organizers of the 2018 Bonnaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe." (Doc. 30 ¶ 20.) Jackson repeats and expands this assertion in her January filing. (Doc. 51 ¶ 5.) Plaintiffs' motion, however, addresses only Defendants' allegations as to Plaintiffs' own comparative fault. (*See* Docs. 53, 54.)

3

4–5.) Defendants acknowledge that the doctrine of joint and several liability is obsolete under Tennessee law. (Docs. 55 at 1–2, 56 at 2.) Defendants do not oppose the Court's striking the words "joint and several" or "jointly and severally" from their filings. (Docs. 55 at 2, 56 at 3.)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). As Plaintiffs have argued elsewhere, however, Defendants' January filings are not pleadings. (*See* Doc. 54 at 3 (citing Fed. R. Civ. P. 7(a)).) Rule 12(f) therefore does not apply to Defendants' January filings. Nevertheless, given Defendants' agreement with this part of Plaintiffs' motion, the Court will deem Defendants to have withdrawn their "joint and several" language.

Second, Plaintiffs argue the filings are procedurally improper as a whole because Defendants should have filed motions to amend their answers, instead. (Doc. 54 at 3.) Plaintiffs argue Defendants' filings are not pleadings, and that the comparative-fault assertions in Defendants' answers were made "in the broadest of terms and without any specific factual basis." (*Id.* at 2, 3.)

Defendants respond that they had already complied with the Scheduling Order's deadline to assert comparative-fault allegations by including affirmative defenses in their respective answers. (Docs. 55 at 1, 56 at 1–2.) Jackson describes her January filing as "merely a reiteration and clarification" of her comparative fault defenses, and RVshare describes its January filing as "a clarification and expansion" of its affirmative defense; both say they had no intention of adding new affirmative defenses against Plaintiffs. (Docs. 55 at 1, 56 at 2.) RVshare further explains that because the Scheduling Order was entered after Defendants answered, "it seemed appropriate to reiterate the affirmative defenses previously asserted in the Answer." (Doc. 56 at 1–2.)

4

Plaintiffs have not shown that Defendants' filings should be stricken. Rule 12(f) cannot authorize such action, because it deals with striking matters from pleadings, and Defendants' January filings are not pleadings. *See* Fed. R. Civ. P. 7(a) (listing the pleadings allowed in a civil action). The Court sees no other grounds for striking the filings. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). Plaintiffs describe the comparative-fault defenses in Defendants' answers as broad. (Doc. 54 at 2.) But Plaintiffs are not asking the Court to strike anything from Defendants' answers; rather, they are asking to strike the more detailed explanations of those defenses in Defendants' January filings. Despite being more detailed, Defendants' January filings contain no comparative-fault allegations against Plaintiffs that exceed the scope of the defenses already asserted in the answers. The Court sees no grounds for striking them.

Plaintiffs' motion (Doc. 53) is accordingly **GRANTED IN PART**. The phrases "joint and several" and "jointly and severally" in Documents 51 and 52 are deemed **WITHDRAWN** by Defendants. The remainder of Plaintiffs' motion is **DENIED**.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**