UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DENISE JACKSON and RVSHARE, LLC, | ) ) | |
| | ) | 4:19-CV-28 |
| Defendants. | ) ) | |
| | ) | Judge Curtis L. Collier |
| DENISE JACKSON, | ) ) | Magistrate Susan K. Lee |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| ASHTON HUGHES, | ) ) | |
| Counter-Defendant. | ) | |

# MEMORANDUM & ORDER

Before the Court is a motion by Plaintiffs under Rule 12(f) of the Federal Rules of Civil Procedure to strike two affirmative defenses from the answer of Defendant RVshare, LLC ("RVshare") and four affirmative defenses from the answer of Defendant Denise Jackson. (Doc. 34.) Defendants filed a joint response (Doc. 38), and Plaintiffs replied (Doc. 42).[1]

---

[1] The parties are directed to item 46 of the judicial preferences of the undersigned, regarding the placement of citations to authority within the text of a document. *See* Judicial Preferences, *available at* https://www.tned.uscourts.gov/content/curtis-l-collier-senior-united-states-district-judge.

## I. Standard of Review

Rule 12(f) allows a party to move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts view motions to strike with disfavor. *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

"A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Id.* (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). In other words, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson*, 201 F.2d at 822. "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274). "An affirmative defense is *immaterial* if it bears no essential or important relationship to the primary claim for relief, and it is *impertinent* if it includes statements not pertaining or unnecessary to the issues in question." *Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988) (emphasis added).

## II. Laches

Plaintiffs first challenge the defense in each answer that "Plaintiffs have waited an unreasonably long time to assert their claims after discovery of their injuries and adversely restricted [Defendants'] ability to defend this lawsuit and impeded [Defendants'] access to witnesses and physical evidence." (Doc. 30 at 12 ¶ 11; Doc. 31 at 13 ¶ 17.) This defense, laches,

2

"consists of two elements: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *Operating Eng'rs*, 783 F.3d at 1053 (quoting *Brown-Graves Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, 206 F.3d 680, 684 (6th Cir. 2000)).

Laches is an equitable defense, but it may be asserted in a suit at law. *Chirco v. Crosswinds Cmtys., Inc.*, 474 F.3d 227, 233 (6th Cir. 2007). However, there is "a strong presumption against asserting a laches defense to shorten a statute of limitations," and a laches defense can only rarely succeed. *Operating Eng'rs*, 783 F.3d at 1054 (citing *Chirco*, 474 F.3d at 233). A laches defense may not be applied at all, for example, where Congress has established a statute of limitations and the action is brought within the statute. *Id.* (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678–79 (2014)). Nor is laches a viable defense to a claim at law for money damages that is filed within the statute of limitations, although it may be a viable defense to a claim for certain kinds of equitable relief. *Id.* at 1055 (citing *Chirco*, 474 F.3d at 235–36 and *Petrella*, 572 U.S. at 685–88); *see also United States v. Mack*, 295 U.S. 480, 489 (1935) ("Laches within the term of the statute of limitations is no defense at law.").

Plaintiffs argue that the defense is legally insufficient because they filed their complaint seeking monetary damages within the statute of limitations, and the defense of laches is not available in these circumstances. (Doc. 35 at 5; Doc. 42 at 1–2.) Plaintiffs also argue Defendants have provided no basis in fact for their allegations of delay or of restricting access to witnesses or evidence. (Doc. 35 at 5–6.) Finally, Plaintiffs argue that the portion of the defense alleging they "impeded [Defendants'] access to witnesses and physical evidence" is impertinent and inappropriate. (*Id.*; Doc. 42 at 2.) Defendants acknowledge the defense of laches can rarely succeed, but argue the defense is sufficiently pleaded in that it gives Plaintiffs fair notice as to the nature of the defense they are asserting. (Doc. 38 at 3–4.)

3

Defendants correctly acknowledge that the defense of laches rarely applies where, as here, a statute of limitations has not run when a case is filed. (Doc. 38 at 3.) Rarely, of course, is not never. But Defendants do not address the controlling authority holding that laches is not a viable defense to a claim at law for money damages filed within the statute of limitations. *See Petrella*, 572 U.S. at 685–88; *Mack*, 295 U.S. at 489; *Operating Eng'rs*, 783 F.3d at 1055. Plaintiffs here are seeking only monetary damages, not equitable relief. (*See* Doc. 25 at 16–17.) Plaintiffs have shown that, under the foregoing authority, they could succeed on their claim "despite any state of the facts which could be proved in support of the defense" of laches. *See Operating Eng'rs*, 783 F.3d at 1050. This satisfies the high standard for a motion to strike. The Court **STRIKES** Jackson's eleventh affirmative defense and RVshare's seventeenth affirmative defense.

### III. Required Joinder of Parties

The next defenses Plaintiffs challenge address the required joinder of parties. Jackson asserts three such defenses:

> 15. Despite making allegations of faulty equipment, Plaintiffs have failed to name indispensable parties who designed, manufactured, distributed, or sold the recreational vehicle who may have caused or contributed to Plaintiffs' damages. . . .
>
> 19. Plaintiffs have failed to name indispensable parties, including but not limited to the manufacturer or dealer of the vehicle, Forest River, Inc., or the generator, Cummings, Inc.
>
> 20. Further, Plaintiffs have failed to name the promoters and organizers of the 2018 Bonnaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe, and it so may have comparative fault.

(Doc. 30 at 12 ¶ 15, 13 ¶¶ 19, 20.) RVshare asserts one joinder defense: "Plaintiffs have failed to name indispensable parties." (Doc. 31 at 14 ¶ 24.)

4

Rule 19 governs the required joinder of parties. Fed. R. Civ. P. 19. Analyzing a Rule 19 defense involves three-steps. *PaineWebber, Inc., v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (addressing motion to dismiss under previous version of Rule 19). First, a court must determine whether a person is "necessary to the action" for either of two reasons enumerated in Rule 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action . . . .

Fed. R. Civ. P. 19(a)(1); *see PaineWebber*, 276 F.3d at 200. Second, as stated in above the opening clause of Rule 19(a)(1), a court must consider whether the necessary person is subject to personal jurisdiction and can be joined without eliminating the court's basis for subject matter jurisdiction. *See PaineWebber*, 276 F.3d at 200. Third, if the person is necessary but cannot be joined, the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[2] Fed. R. Civ. P. 19(b); *see also PaineWebber*, 276 F.3d at 200 (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999)).

Plaintiffs argue Defendants' indispensable-party defenses are insufficient and should be stricken. (Doc. 35 at 7.) They point out that RVshare does not identify any allegedly indispensable parties, and that neither Defendant explains "why such parties must be joined or cannot be joined." (*Id.*) Plaintiffs also argue that saying other persons may have been joint tortfeasors with Defendants is not enough to make them necessary parties. (*Id.* at 6–7.)

---

[2] The factors to consider at the third step are: (1) the prejudice a judgment might cause the absent person or the parties; (2) whether the prejudice could be lessened or avoided; (3) the adequacy of a judgment without the person; and (4) the adequacy of the plaintiff's remedy if the action were dismissed. Fed. R. Civ. P. 19(b).

5

Defendants respond that Jackson's defenses satisfy the relevant pleading standard of giving fair notice to Plaintiffs of the nature of the defenses she is asserting, in that she identifies the designer, manufacturer, distributor, and seller of the vehicle in question, as well as the promotors, organizers, and property owners for the 2018 Bonnaroo Festival. (Doc. 38 at 5–6.) Defendants argue any insufficiency in the notice provided by RVshare's defense, which lacks specifics, does not prejudice Plaintiffs, given the more complete information in Jackson's defenses. (*Id.* at 6–7.) If the Court concludes RVshare's defense is insufficient, RVshare asks leave to amend its answer to incorporate the same details Jackson has provided. (*Id.* at 7.)

In reply, Plaintiffs argue Defendants' "fair notice" arguments are irrelevant, because the defenses are legally insufficient regardless of whether they give fair notice to Plaintiffs. (Doc. 42 at 3.) Plaintiffs oppose RVshare's request for leave to amend its answer because the insufficiencies of the defense cannot be cured by amendment. (*Id.* at 4.)

Plaintiffs argue that Defendants have not pleaded their joinder defenses with enough specificity to show that Defendants are entitled to prevail on them. A motion to strike, however, does not require a court to determine whether a defendant is presently entitled to prevail on a defense. Rather, a court must determine, first, whether the defense as pleaded gives the plaintiff fair notice of its nature, *Lawrence*, 182 F. App'x at 456, and, second, whether it is impossible that the defendant could prevail on the defense regardless of the facts that might be proved in its support that are inferable from the pleadings, *Operating Eng'rs*, 783 F.3d at 1050.[3] The primacy of fair

---

[3] Plaintiffs cite *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013), which struck a joinder defense for failure to identify any such parties or to explain why such parties could not be joined. (Doc. 35 at 7.) Here, as discussed below, Jackson has given fair notice of the parties she alleges should be joined.

6

notice is shown by the fact that, in this Circuit, an affirmative defense need not necessarily be pleaded at all so long as the opposing party has notice of the affirmative defense and a chance to rebut it. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).

Jackson's joinder defenses are, in the first place, sufficient to give Plaintiffs fair notice of their nature. It is readily apparent that they are asserted under Rule 19.[4] They also identify, by category and in two instances by name, the allegedly necessary parties.

Second, Plaintiffs have not shown it is impossible for Jackson to prevail on her joinder defenses. Plaintiffs are correct that merely being a joint tortfeasor is not generally enough to satisfy Rule 19(a)(1)(A). *See PaineWebber*, 276 F.3d at 204. But, as the Court observed above, rarely is not never, and Plaintiffs have not shown there is no set of inferable facts that could satisfy Rule 19(a)(1)(A) here. Plaintiffs have also not shown there is no set of inferable facts that could satisfy Rule 19(a)(1)(B). Turning to the second step that would be required under a full analysis of the defense, *see PaineWebber*, 276 F.3d at 200, such necessary persons could be citizens of Tennessee who would be subject to service of process but whose joinder would destroy subject-matter jurisdiction. (*See, e.g.*, Doc. 30 at 13 ¶ 20 (real property owners in Tennessee); *see also* Doc. 25 ¶ 8 (invoking diversity subject-matter jurisdiction).) Or such persons could be not subject to service of process. (*See, e.g.*, Doc. 30 at 13 ¶ 19 (identifying manufacturer or dealer of vehicle and generator).) Either scenario would satisfy the requirements of the first clause of Rule 19(a). The third step of the analysis requires an equitable balancing of factors. *See* Fed. R. Civ. P. 19(b);

---

[4] Jackson's twentieth defense also asserts the comparative fault of "the promoters and organizers of the 2018 Bonnaroo Festival or any property owner of the uneven terrain that may have caused damage to the exhaust pipe." (Doc. 30 at 13 ¶ 20.) Plaintiffs' motion does not question the sufficiency of any comparative-fault defense.

7

*see also PaineWebber*, 276 F.3d at 200. It does not clearly appear that there is no set of facts that could be proven that are inferable from the pleadings that would warrant dismissal of the action. as to whether the action should proceed or be dismissed. Therefore, Jackson's joinder defenses are not insufficient at this stage of the case, and the Court will **DENY** Plaintiff's motion to strike Jackson's fifteenth, nineteenth, and twentieth defenses.

RVshare's fourteenth defense states only that "Plaintiffs have failed to name indispensable parties." (Doc. 31 at 14 ¶ 24.) RVshare asks for leave to amend to state the same indispensable-party defenses as Jackson. (Doc. 38 at 7.) Plaintiffs' only opposition to this request is that Jackson's defenses are themselves insufficient. (Doc. 42 at 4.) Because the Court has held that Jackson's joinder defenses are not insufficient, the Court will **GRANT** RVshare's request for leave to amend.

## IV. Conclusion

Plaintiffs' motion (Doc. 34) is **GRANTED IN PART and DENIED IN PART**. Jackson's eleventh affirmative defense (Doc. 30 at 12 ¶ 11) and RVshare's seventeenth and twenty-fourth affirmative defenses (Doc. 31 at 13 ¶ 17, 14 ¶ 24) are **STRICKEN**. The remainder of Plaintiffs' motion is **DENIED**. RVshare may amend its answer as set forth above within **fourteen days** of the entry of this Order.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**