UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ASHTON HUGHES, JOSHUA VANDUSEN, SHANNON HELMERS, and CHARLES DODSON, <br><br> Plaintiffs, <br><br> v. <br><br> DENISE JACKSON and RVSHARE, LLC, <br><br> Defendants. <br><br>——————————————————— <br><br> DENISE JACKSON, <br><br> Counter-Plaintiff, <br><br> v. <br><br> ASHTON HUGHES, <br><br> Counter-Defendant | No. 4:19-CV-28-CLC-SKL |

## MEMORANDUM AND ORDER

Before the Court is a motion to extend the deadline to complete discovery [Doc. 75], filed on January 28, 2021, by Plaintiffs Ashton Hughes, Joshua VanDusen, Shannon Helmers, and Charles Dodson ("Plaintiffs"). Defendant RVshare LLC filed a response [Doc. 76], which Defendant Denise Jackson joined [Doc. 77]. Plaintiffs filed a reply [Doc. 78], and the motion is now ripe.[1]

---

[1] Defendant RVshare also filed a related Motion for Expedited Hearing and Sur-Reply to Plaintiffs' Reply [Doc. 79]. In light of the Court's ruling on Plaintiffs' motion, Defendant RVshare's motion [Doc. 79] will be **DENIED AS MOOT**. Further, the Court will not consider Defendant RVshare's sur-reply, as it was filed without leave of Court, in violation of Eastern District of Tennessee Local Rule 7.1(d).

## I. BACKGROUND

In their motion, Plaintiffs request an extension of the discovery deadline from January 29, 2021, which was the day after the motion was filed, to March 31, 2021. Plaintiffs indicate that, as of January 28, the parties had agreed to mediate "in the next few weeks," but they have not yet scheduled a mediation [Doc. 75 at Page ID # 334]. Although Plaintiffs do not request an extension of any other case deadlines, they state they are not opposed to any such extension. Of note, the dispositive motion deadline is currently set for February 18, 2021 [Doc. 47 at Page ID # 224].

In its response, Defendant RVshare opposes a blanket extension of the discovery deadline. However, it does not oppose an extension for certain limited purposes: (1) to allow Plaintiffs and Jackson to take the depositions of four fact witnesses (Anissa Duckett, Justin Townley, Samantha Rockey, and Drew Hooker); (2) to allow Plaintiffs to "take depositions for medical proof," and (3) for Plaintiffs and Defendant Jackson to take expert depositions [Doc. 76 at Page ID # 345-46].[2] Defendant RVshare states that it does not believe the limited extension would affect any other case deadlines [*id.* at Page ID # 346].

In reply, Plaintiffs clarify that if the motion is granted, they "anticipate taking, without limitation, depositions of at least one out-of-state emergency-room physician . . . , witnesses with knowledge of the reasonableness of Plaintiffs' associated medical and flight bills, and a Rule 30(b)(6) representative of RVshare." [Doc. 78 at Page ID # 350-51]. Plaintiffs also request a status conference with the Court to discuss changing the remaining case deadlines and the trial date.

---

[2] These areas of discovery were originally listed by Plaintiff in an email exchange between the parties [Doc. 75-1]. The Court notes that at one point, Plaintiffs indicate they need more time for "medical proof" generally, not necessarily limited to depositions. However, later in the email, it appears Plaintiffs did intend to limit the "medical proof" to "medical depositions" [*id.* at Page ID # 339].

## II. ANALYSIS

The parties have had some 15 months for discovery in this case. Upon the filing of a joint motion on November 23, 2020, the original discovery period was extended from December 18, 2020 to January 29, 2021. By now filing a request for a second extension of the discovery period—the day before the previously extended discovery period was set to close, with the motion not being ripe for another three weeks—Plaintiffs, in effect, are seeking to reopen discovery after it has closed.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). To show good cause to amend a scheduling order, "a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)), *cert. denied*, 138 S. Ct. 1177 (2018).

The Sixth Circuit has held that the determination of good cause includes consideration of the following factors: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (alteration in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). In addition to examining whether Plaintiffs have shown "good cause," the Court must

3

consider whether the requested amendment will cause Defendants "to experience possible prejudice." *See Gatza*, 717 F. App'x at 521 (6th Cir. 2017) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2005)). This Court has also identified "the relevance of the discovery," and the "specificity of the discovery request" as being pertinent factors when determining whether to allow late discovery. *See Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (citations omitted).

Considering these factors, the Court finds Plaintiffs have not shown good cause for another extension of the discovery deadline. There is no suggestion that Plaintiffs only recently learned of the individuals they now seek to depose. In particular, the need to depose a Rule 30(b)(6) witness designated by Defendant RVshare should have been clear for quite some time, as would the need to depose or otherwise get discovery from emergency room physicians and individuals with knowledge about the reasonableness of the medical bills.

The parties were originally given over one year to complete discovery [Doc. 47], and the discovery period has already been extended once [Doc. 69]. Plaintiffs vaguely argue they have been diligent by noting that the parties have completed eight depositions since October 2020. But Defendant RVshare points out Plaintiffs have initiated only one of those eight. Moreover, the number completed should be considered in light of how many the parties have *not* completed, which by the Court's count appears to be at least six or seven. There is no indication Defendants have been recalcitrant in scheduling depositions.

Moreover, while the Court is sympathetic to the difficulties imposed by the COVID-19 pandemic, Plaintiffs clearly knew about those difficulties prior to the day before discovery expired when they filed the instant motion. Finally, the Court disagrees that Defendants would not suffer

4

prejudice as the dispositive motion deadline expires in one day, and trial is currently set for May 10, 2021.

Nevertheless, it appears the parties have communicated that certain depositions could be conducted, in effect, by agreement. The Court finds there is no prejudice in allowing the agreed-upon depositions to go forward. Moreover, there appears to be no dispute that the agreed-upon depositions would yield relevant information.

Accordingly, the motion to extend the deadline to complete discovery [Doc. 75] is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The discovery deadline is extended to March 31, 2021, solely to allow for the depositions of Anissa Duckett, Justin Townley, Samantha Rockey, and Drew Hooker; to allow for the depositions related to what the parties refer to as "medical proof"; and to allow for depositions of the parties' experts.

(2) The motion is denied in all other respects, and specifically denied as to the taking of a Defendant RVshare's Rule 30(b)(6) deposition.

(3) All other deadlines and requirements of the Court's scheduling orders are unaffected by entry of this Memorandum and Order.

Further, Defendant RVshare's motion for an expedited hearing [Doc. 79] is **DENIED AS MOOT** in light of the Court's ruling herein.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE